Edward CROOMS, Plaintiff,

v.

P.O. MERCADO, NO. 41, Defendant.

No. 96 C 4326.

United States District Court,
N.D. Illinois,
Eastern District.

March 3, 1997.

Gregory E. Kulis, Kathleen T. Coyne, Gregory E. Kulis and Associates, Chicago, IL, for Plaintiff.

Michael S. Nardulli, Steven M. Puiszis, Hinshaw & Culbertson, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Sabas Mercado's (identified in the complaint as "P.O. Mercado, No. 41") motion for summary judgment. For the reasons that follow, the court grants defendant's motion.

### I. BACKGROUND [1]

On August 25, 1994, defendant Sabas Mercado ("Mercado"), who was working as a patrol officer for the Zion Police Department, was dispatched to a domestic dispute at 3240 Gideon Avenue, Zion, Illinois. The domestic dispute was between plaintiff Edward Crooms ("Crooms") and his girlfriend Della Sims ("Sims").

Mercado and his partner, Officer Timothy Bartlett, went to that location and spoke first to Sims. Sims, who appeared to be very nervous, told the officers that she wanted Crooms out of her home. Sims then signed a complaint against Crooms. After Sims signed the complaint, Mercado spoke to Crooms, advising him to leave Sims' residence and twice warning him that he would be arrested for trespass if he did not leave. After the second warning, Crooms picked up some of his bags and took them to the trunk of his car. Mercado followed Crooms to his car. Crooms then came back into the residence, picked up more of his bags, and started to head to his car again. Mercado again followed Crooms to his car. Mercado went back into the residence. Crooms reentered the residence and gathered more items.

Mercado contends that after gathering the items, Crooms started to leave the residence but stopped and started arguing with Sims. (Def.'s Rule 12(M) Statement of Uncontested Facts [hereinafter "12(M) Statement"] ¶ 24.) Mercado then told Crooms to leave and when he did not, Mercado put his hand on Crooms' shoulder. (Id. ¶¶ 25–26.) At that point, Crooms turned, put both of his hands on Mercado's chest and pushed him. (Id. ¶ 27.) Mercado then told Crooms that he was under arrest, grabbed Crooms by the shirt, turned

1. Unless otherwise indicated, the facts in the Background section are the uncontested facts taken from the parties' Local Rule 12(M) and 12(N) statements.

him around and pushed him against a wall about five feet away. (*Id.* ¶ 28.)

In contrast, Crooms alleges that as he was leaving the residence for the last time, he remembered that he had forgotten his robe. (Pl.'s Add'l Facts ¶ 5; Trial Tr. at 81; Pl.'s Aff. ¶ 12.) As he turned around and pointed to the robe, his index finger brushed Mercado's chest. (Pl.'s Add'l Facts ¶¶ 6-7; Trial Tr. at 81; Pl.'s Aff. ¶ 13.) Mercado then grabbed Crooms by his neck and his waistline and pushed him toward the wall. (Pl.'s Add'l Facts ¶ 8; Trial Tr. at 82; Pl.'s Aff. ¶ 14.)

Adjacent to the wall against which Mercado pushed Crooms was a door with a glass window. Though normally closed, at the moment Mercado pushed Crooms towards the wall, the door was open so that it was touching the wall on a diagonal. If the door had been closed, it would have been facing a different direction. As Mercado pushed Crooms to the wall, Crooms extended his arm which then went through the glass window in the door.

Mercado contends that Crooms extended his arm out to the side and, as a result, Crooms' arm went through the glass window that was several feet to his side. (12(M) Statement ¶ 29.) In contrast, Crooms contends that he extended his arms straight out in front of him in order to avoid hitting the wall. (Pl.'s Add'l Facts ¶ 11; Pl.'s Aff. ¶ 15.) Crooms denies that the door was several feet to his right, (12(N) Statement ¶ 33); rather, Crooms alleges that the door was partially covering the part of the wall against which Mercado pushed Crooms. (Pl.'s Aff. ¶ 17.) Crooms further alleges that he did not spread his arms to his side when pushed towards the wall. (Pl.'s Add'l Facts ¶ 16; Pl.'s Aff. ¶ 25.) Finally, Crooms alleges he would not have had to extend his arms if

Mercado had not pushed him against the wall with such force. (Pl.'s Add'l Facts ¶ 13; Pl.'s Aff. ¶ 19.)

By information, Crooms was charged with the following offense:

On the 25th day of August, 1994 in Lake County, Illinois, the defendant knowingly resisted the performance of Officer Sabas Mercado of an authorized act within his official capacity, being the investigation of a complaint involving Eddie Crooms, knowing Officer Sabas Mercado to be a peace officer engaged in the execution of his official duties in that said defendant pushed Officer Mercado in the chest with his hand.

After a full trial was held, a jury found Crooms guilty of the offense of resisting a peace officer [2] and the trial court entered a judgment on the conviction. On July 17, 1996, Crooms filed this one-count action against Mercado, alleging that Mercado used unreasonable and excessive force against him in violation of his civil rights under 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment of the United States Constitution, and the laws of Illinois. Mercado has moved this court to enter summary judgment in his favor and against Crooms.

## II. DISCUSSION

### A. Standard for deciding a motion for summary judgment

A motion for summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden is on the

---

2. There is some confusion in the record as to the offense of which Crooms was convicted. Mercado contends that Crooms was convicted of "resisting arrest." (*E.g.,* 12(M) Statement ¶ 48.) In contrast, Crooms first contends that his conviction was for "resisting an officer," (*e.g.,* Pl.'s Resp. to Def.'s Mot. Summ. J. ¶ 4(a)), and then says that his conviction was for "resisting arrest." (*E.g.,* Pl.'s Rule 12(N) Statement of Uncontested Facts [hereinafter "12(N) Statement"] ¶ 48.) The Certified Statement of Conviction

says only that Crooms was convicted of "resisting." (*See* 12(M) Statement Ex. B.)

After reviewing the entire record, the court finds that Crooms was convicted of resisting an officer's performance of an authorized act, that act being the investigation of a complaint involving Crooms. The certified transcript of Crooms' trial makes it clear that this was the offense with which Crooms was charged and of which he was convicted. (Trial Tr. at 2, 3, 4-5, 7, 9, 19, 39, 42, 103, 105-06, 108, 111-12, 113, 123-24.)

moving party to show that no genuine issues of material fact exist. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Once the moving party presents a *prima facie* showing that he is entitled to judgment as a matter of law, the party opposing the motion may not rest upon the mere allegations or denials in his pleadings but must set forth specific facts showing that a genuine issue for trial exists. *Anderson,* 477 U.S. at 256–57, 106 S.Ct. at 2514; *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Schroeder v. Lufthansa German Airlines,* 875 F.2d 613, 620 (7th Cir.1989). All reasonable inferences must be viewed in favor of the non-moving party. *Holland v. Jefferson Nat'l Life Ins. Co.,* 883 F.2d 1307, 1312 (7th Cir.1989).

### B. *Heck v. Humphrey*

■ Mercado argues that he is entitled to summary judgment because Crooms' section 1983 claim is barred by the Supreme Court's decision in *Heck v. Humphrey.* In *Heck,* the Supreme Court held that a plaintiff who has previously been convicted of a crime does not have a claim for damages under section 1983 if that claim would either negate an element of that crime or necessarily imply the invalidity of that conviction, unless that conviction has been previously invalidated. *Heck v. Humphrey,* 512 U.S. 477, 486, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The *Heck* requirement is an essential element of a section 1983 claim. *Dixon v. Chrans,* 101 F.3d 1228, 1230 (7th Cir.1996).

■ In determining whether the *Heck* requirement is met, the district court must consider whether a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction." *Heck,* 512 U.S. at 487, 114 S.Ct. at 2372. If it would, the plaintiff has no section 1983 claim unless he can prove that the conviction has been previously invalidated. *Id.* However, if the court determines that the plaintiff's action, even if successful, would "not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," the court should allow the action to proceed. *Id.*

Moreover, in *Heck,* the Supreme Court did not limit its holding to lawsuits seeking to recover damages only for unconstitutional conviction or imprisonment. Rather, it also expressly included within the holding's ambit lawsuits seeking to recover damages *"for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid."* *Id.* (emphasis added). *Heck* explained that this "latter category" included "a § 1983 action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful." *Id.* at 486 n. 6, 114 S.Ct. at 2372 n. 6.

■ *Heck* bars Crooms' section 1983 action because a successful prosecution of his section 1983 claim would necessarily imply that his criminal conviction for resisting a peace officer was wrongful. For Crooms to succeed on his section 1983 claim, the trier of fact would have to accept Crooms' version of the incident rather than Mercado's version of the incident. This is true because, under the law regarding whether an officer's use of force was excessive, no reasonable trier of fact could find that Mercado used excessive force according to Mercado's version of the incident. Accepting Crooms' version of the incident requires the trier of fact to find that Crooms did not push Mercado in the chest, which necessarily implies that Crooms' conviction was wrongful because the sole basis for Crooms' conviction was the fact that he pushed Mercado.

The following facts concerning the event are undisputed. Mercado was called to a domestic dispute involving Crooms and his girlfriend Sims. Sims told Mercado that she wanted Crooms out of her home, and she signed a complaint against Crooms. Mercado told Crooms to leave the residence. In addition, Mercado warned Crooms twice that he would be arrested for trespass if he did not leave. Crooms went back and forth between the residence and his car several times after Mercado told him to leave the residence, and Mercado followed Crooms as he walked back and forth.

### 1. Mercado's version of the incident

In addition to the undisputed facts, Mercado asserts and Crooms denies the following. After Mercado told Crooms to leave, Crooms continued to argue with the officers, who continued to ask him to leave. (12(M) Statement ¶ 10.) Sims asked for her keys to the apartment, but Crooms ignored her request and walked out to his car. (*Id.* ¶¶ 13–14.) Mercado followed Crooms to his car, also asked for Sims' keys and, because he thought that Crooms did not hear the request, tapped Crooms on the shoulder. Crooms then swung around and slapped Mercado's hand away. (*Id.* ¶¶ 15–16.) Mercado again asked for Sims' keys, but Crooms said that he did not have them. Sims told Mercado that Crooms had her keys. Mercado told Crooms that if he had the keys and was lying to Mercado, Mercado would arrest him. Crooms then gave Mercado the keys. (*Id.* ¶¶ 17–19.)

Mercado then started walking back to Sims to give her the keys, and Crooms stated, "I don't care what you have around your waist, the next time you touch me I'm going to kick your—." (*Id.* ¶ 20.) Crooms again entered Sims' residence to gather some more items, began to walk out and then stopped and started arguing with Sims. (*Id.* ¶ 24.) The officers told Crooms several more times that he should leave, but Crooms continued arguing with Sims. (*Id.* ¶ 25.)

At that point, Mercado put his hand on Crooms' shoulder to indicate that it was time for him to leave. Crooms turned, put both of his hands on Mercado's chest, and pushed Mercado back. (*Id.* ¶¶ 26–27.) Mercado then told Crooms that he was under arrest, grabbed Crooms by his shirt, turned him around, and pushed him towards a wall that was five feet away. (*Id.* ¶ 28.) As Mercado pushed Crooms towards the wall, Crooms' arm went through the glass window in the door that was partially covering the wall. (*Id.* ¶ 29.)

■ If a reasonable juror accepted the foregoing version of the incident as the true version, he or she could not find that Mercado used excessive force against Crooms. Excessive force claims are analyzed under the Fourth Amendment objective reasonableness standard. *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989); *Jones v. Webb,* 45 F.3d 178, 183 (7th Cir.1995). A police officer's use of force to arrest an individual is unconstitutional if, "judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Lester v. City of Chicago,* 830 F.2d 706, 713 (7th Cir.1987).

■ In determining whether the force used was "objectively reasonable," the court must look at the particular circumstances involved in the case and not at the officer's underlying intent. *Graham,* 490 U.S. at 397, 109 S.Ct. at 1872; *Jones,* 45 F.3d at 183. The surrounding circumstances to which the court must look include, but are not limited to, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396, 109 S.Ct. at 1872.

■ Most important, the court does not ask what "in the peace of a judge's chambers" and with the benefit of "the 20/20 vision of hindsight" would have been an appropriate use of force. *Id.* Rather, in evaluating the officer's conduct, the court must allow for "the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Jones,* 45 F.3d at 183; *Plakas v. Drinski,* 19 F.3d 1143, 1149 (7th Cir.), *cert. denied,* 513 U.S. 820, 115 S.Ct. 81, 130 L.Ed.2d 34 (1994).

■ In this case, Crooms' crime was not a serious one. However, according to Mercado's version of the incident, Crooms continually ignored Mercado's orders to leave, slapped Mercado's hand away when Mercado tapped Crooms on the shoulder, threatened Mercado with physical harm, and pushed Mercado when Mercado put his hand on Crooms' shoulder. In response to Crooms' use of force against him, Mercado spun

Crooms around and pushed him toward a wall that was five feet away.

The court emphasizes that neither party has presented any evidence that indicates that Mercado intended to push Crooms into the glass window. In fact, Crooms states that Mercado spun him around, grabbed him by his neck and waistline, and pushed him toward *the wall* that was about five feet away. (12(N) Statement ¶ 8.) Crooms also states that he extended his arms in front of him to prevent his body from hitting the wall and that Mercado pushed him with such force that his right hand went through the window and his left hand hit the wall. (*Id.* ¶¶ 11–12.)

Thus, there is no evidence that Mercado tried to push Crooms such that Crooms' arm would go through the window. Rather, the evidence indicates that Mercado pushed Crooms towards the wall, likely to put handcuffs on him and arrest him, and that Crooms' right arm went through the window because Crooms extended his arms in order to brace himself. Therefore, the fact that Crooms' arm went through the window has no bearing on whether Mercado used excessive force against Crooms, but was merely an unfortunate result of Mercado's use of force.

The court finds that according to Mercado's version of his encounter with Crooms, there is no question that Mercado's use of force against Crooms was reasonable. Mercado was faced with confronting a person who was the subject of a domestic complaint, who refused to leave the residence at the order of a police officer, who threatened a police officer with violence, and who used physical force against a police officer. The court finds that any reasonable police officer in Mercado's position at the time of his encounter with Crooms could have used the same amount and type of force to arrest Crooms for interfering with the officer's duties. That is, Mercado's "actions [were] objectively reasonable in light of the circumstances confronting him." *See Graham,* 490 U.S. at 395, 109 S.Ct. at 1871; *see also Jones,* 45 F.3d at 184 (finding that the officer was justified in pushing the arrestee to the ground and placing his knee in the arrestee's back in order "to handcuff the [arrestee] so

that he could do no harm" to the officer or to others); *Plakas,* 19 F.3d at 1149 (stating that the use of force does not have to be the least forceful alternative so long as the use of force is reasonable).

Thus, Crooms could not succeed on his section 1983 claim if the court or any trier of fact found that Mercado's version was the true version. Accordingly, the only way that Crooms could succeed on his section 1983 claim is if the trier of fact were to credit Crooms' version and discredit Mercado's version of the incident.

### 2. Crooms' version of the incident

According to Crooms' version of the incident, Crooms did not push Mercado in the chest with his hands; rather, Crooms merely brushed Mercado's chest with his finger while turning for his robe. (12(N) Statement ¶¶ 7, 19–20.) This claim, however, is inconsistent with Crooms' conviction.

Crooms was charged with and convicted of "resist[ing] the performance of Officer Sabas Mercado of an authorized act within his official capacity ... in that [Crooms] pushed Officer Mercado in the chest with his hand." (12(M) and 12(N) Statements ¶ 38.) The elements of the offense of resisting a peace officer are that a person (1) knowingly (2) resists or obstructs (3) the performance by one known to be a peace officer (4) of any authorized act within his official capacity. 720 ILCS 5/31–1 (1996); *see also* JOHN F. DECKER, ILLINOIS CRIMINAL LAW § 14.06 (1993). In this case, the authorized act that Crooms was convicted of resisting was Mercado's investigation of a complaint involving Crooms. (12(M) and 12(N) Statements ¶ 38; Trial Tr. at 5, 123–24.) The sole factual basis for the conviction was that Crooms resisted Mercado's investigation by pushing Mercado in the chest. (12(M) and 12(N) Statements ¶ 38; Trial Tr. at 5, 123–24.)

As previously discussed, in order for plaintiff to be successful on his section 1983 claim for excessive force, the trier of fact would have to find that Crooms did not push Mercado but that Crooms merely brushed against Mercado while reaching for his robe. Such a conclusion would have the effect of

invalidating Crooms' conviction because it would negate the factual basis of Crooms' conviction and thereby imply that Crooms was wrongfully convicted of resisting a peace officer. Thus, for Crooms to establish the factual basis of his section 1983 claim, he necessarily would have to demonstrate the invalidity of his conviction for resisting an officer. *See Heck*, 512 U.S. at 480, 114 S.Ct. at 2369; *see also Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996) (holding that *Heck* barred a section 1983 plaintiff's claim for excessive force because a finding that the plaintiff's resistance was justified would necessarily undermine the basis of plaintiff's conviction for resisting arrest).

 The court notes that it is not always the case that a section 1983 claim for excessive force would necessarily imply the invalidity of a conviction for resisting an officer. *See Bemben v. Hunt*, No. 93 C 509, 1995 WL 27223, at *3 (N.D. Ill. Jan 23, 1995) (stating that "[p]laintiff properly notes that a conviction for resisting arrest is not conclusive with respect to Plaintiff's allegation of excessive force"); *Simpson v. City of Pickens*, 887 F.Supp. 126, 129 (S.D.Miss.1995) (holding that *Heck* did not bar a plaintiff's section 1983 excessive force claim because "it is possible for a finding that [plaintiff] was resisting arrest to coexist with a finding that the police used excessive force to subdue him"); *see also Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir.1996) (explaining that *Heck* does not bar a number of section 1983 Fourth Amendment claims because such claims do not "inevitably undermine [the] conviction"), *cert. denied*, ── U.S. ──, 117 S.Ct. 952, 136 L.Ed.2d 840 (1997); *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir.1995) (holding that *Heck* did not bar the plaintiff's section 1983 claim for an illegal search because the claim would not necessarily undermine the plaintiff's conviction for felony murder), *cert. denied*, ── U.S. ──, 117 S.Ct. 104, 136 L.Ed.2d 58 (1996). However, as explained above, because of the facts of this case, a successful prosecution of Crooms' section 1983 claim would necessarily imply the invalidity of his conviction for resisting an officer.

Because Crooms' section 1983 claim for damages calls into question the validity of his conviction, which has not been reversed, expunged, or otherwise invalidated, the claim is not cognizable. *See Heck*, 512 U.S. at ──, 114 S.Ct. at 2372; *Dixon*, 101 F.3d at 1230. Accordingly, the court grants summary judgment in favor of defendant Sabas Mercado and against plaintiff Edward Crooms.

The court's foregoing ruling disposes of Mercado's motion for summary judgment and Crooms' case. Accordingly, the court need not address Mercado's excessive force, qualified immunity, and issue preclusion arguments.

## III. CONCLUSION

For the foregoing reasons, the court grants defendant Sabas Mercado's motion for summary judgment, and enters judgment against plaintiff Edward Crooms and in favor of defendant Sabas Mercado.