**Lisa L. JAYNE, Plaintiff,**

v.

**Kurt KOZAK, et al., Defendants.**

**No. 97–3055.**

United States District Court, C.D. Illinois.

July 23, 1998.

Lisa L. Jayne, Gillespie, IL, for Plaintiff.

Bradley Blodgett, Mark S. Sarget, Springfield, IL, for Defendant.

## OPINION

RICHARD MILLS, District Judge.

Lisa Jayne brings this civil rights action and claims that two Gillespie police officers violated her constitutional rights by using unreasonable force against her. More specifically, she alleges that Defendants sprayed her with mace and then physically attacked her for no reason.[1]

This matter is before the Court for consideration of the parties' cross-motions for summary judgment. But since material facts are in dispute, both parties' motions must be denied.

Nevertheless, under the circumstances of this case, the complaint must be dismissed since Plaintiff's claim implicitly calls into question the validity of her underlying criminal conviction.

### STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Herman v. National Broadcasting Co., Inc.,* 744 F.2d 604, 607 (7th Cir.1984), *cert. denied,* 470 U.S. 1028, 105 S.Ct. 1393, 84 L.Ed.2d 782 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the nonmoving party. *Beraha v. Baxter Health Care Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time

---

1. By Order of February 23, 1998, the Court granted summary judgment in favor of Defendants on the Plaintiff's claim that Defendants denied her access to needed medical care following her arrest.

for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 328, 106 S.Ct. 2548. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.,* 864 F.2d 1359 (7th Cir.1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507–08 (7th Cir.1992).

## FACTS

The plaintiff, Lisa Jayne, is a resident of Gillespie, Illinois, and the Defendants—Kurt Kozak and Rick Hearn—are City of Gillespie police officers. The following facts are uncontested for purposes of this motion:

On March 3, 1995, Jayne and her roommate (Carmen Karrick) went to Smitty's Tavern in Gillespie to drink beer. At about 10:30 that evening, Officer Kozak was driving in his squad car when he saw Karrick standing in the road. Karrick was waving her arms as if to flag down the officer. Officer Kozak pulled over and told Karrick, who appeared to be intoxicated, to step to the side of the road so that the officer could speak to her. As Officer Kozak and Karrick talked, Jayne came out of her apartment to see what was happening and asked Officer Kozak whether there was a problem. He responded, "Not yet."

Thereafter, the parties' accounts widely diverge. According to the officers (Officer Hearn arrived on the scene shortly after Jayne), Plaintiff Jayne became verbally abusive and repeatedly lunged at Officer Kozak, swinging her arms and taunting him to mace her. After giving Jayne several warnings, Officer Kozak used pepper mace when Jayne

continued to advance towards him in a threatening manner. Officer Hearn states that he was then forced to "tackle" Jayne in order to save her from injury when she staggered onto the busy roadway after being maced. Officer Hearn additionally asserts that Jayne kicked and fought him as he attempted to rescue her.

Plaintiff Jayne, in contrast, denies that she ever moved close to Officer Kozak or swung at either officer; she further contends that Officer Kozak sprayed her with mace for no reason when she simply tried to walk home. Jayne contends that the officers "brutally" attacked her when they took her to the ground, unnecessarily twisting her arms, kneeing her in the back, scraping her neck, and pulling her hair.

It is undisputed that Plaintiff was arrested for aggravated assault against Officer Kozak, and that an Illinois circuit judge in Macoupin County found Plaintiff guilty of the charge.

## DISCUSSION

■ Because material facts are in dispute with respect to the events surrounding Plaintiff's arrest, summary judgment is precluded. However, Plaintiff's excessive force claim against the officers must nevertheless be dismissed since Plaintiff is effectively challenging her conviction for aggravated assault. While the mostly one-sided evidence suggests that Plaintiff's excessive force claim against the officers is non-meritorious, dismissal without prejudice rather than summary judgment is in order.

■ Whether a law enforcement officer used excessive force to effect a seizure in violation of the Fourth Amendment is analyzed under an objective "reasonableness" standard, whether force was used in the course of an arrest, investigatory stop, or other "seizure" of a free citizen. *See Graham v. Connor,* 490 U.S. 386, 394–97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Lester v. City of Chicago,* 830 F.2d 706, 709 (7th Cir. 1987).[2] The assessment requires the court to carefully balance "the nature and quality of

---

**2.** Plaintiff does not argue that the officers used excessive force in arresting her; she was arrested only after a physical confrontation (the circumstances of which are disputed) occurred. Plaintiff asserts essentially that the officers used exces-

sive manpower for no reason, or in an unjustified effort to coerce Plaintiff to submit to their authority. Therefore, cases concerning the use of force in effecting an arrest are not directly on point.

the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests" at stake. *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 592 (7th Cir.1997), *cert. denied*, — U.S. ——, 118 S.Ct. 1052, 140 L.Ed.2d 115 (1998), *quoting Tennessee v. Garner*, 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).

■ Due to the fact-specific nature of the inquiry, reasonableness depends on the totality of the circumstances surrounding the encounter. *Phillips*, 123 F.3d at 589, *relying on Frazell v. Flanigan*, 26 C.C.P.A. 1103, 102 F.3d 877, 882 (7th Cir.1996). The court must pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [or she was] actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396, 109 S.Ct. 1865, *citing Garner*, 471 U.S. at 8–9, 105 S.Ct. 1694. It should be noted that the reasonableness inquiry is an objective one: The "particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397, 109 S.Ct. 1865.

Here, Defendants maintain that it was the Plaintiff who was violent and abusive, thus rendering it necessary for them to resort to some degree of force in order to protect themselves (Officer Kozak), or to restrain Plaintiff from hurting herself by walking onto a busy roadway (Officer Hearn). Plaintiff Jayne, in fact, was found guilty of aggravated assault.

■ The Plaintiff's conviction on the assault charge would not necessarily preclude a lawsuit under Section 1983 for excessive force by the officers. *See Crooms v. P.O. Mercado*, 955 F.Supp. 985, 991 (N.D.Ill.1997). However, in the instant case, Plaintiff not only alleges excessive force, she contends that the Defendants' entire account of the events leading up to her arrest is false. The Plaintiff now argues—in addition—that the criminal proceedings deprived her of due process because expert witnesses and eyewitnesses were not allowed to testify, and because her trial counsel was ineffective. (Plaintiff reports that she is currently seeking post-conviction relief in the state court system.) Plaintiff thus essentially challenges the validity of her conviction.

■ In order for Plaintiff Jayne to prevail on her Section 1983 claim, the trier of fact would have to entirely reject the officers' accounts, and thus undermine the factual basis for Plaintiff's conviction. A civil rights action is not the proper vehicle for challenging a criminal conviction. Where, as here, a plaintiff's 1983 claims necessarily imply the invalidity of her criminal conviction, she must show that the conviction has been reversed or invalidated before she can proceed on a civil rights claim. *See Crooms*, 955 F.Supp. at 991, *relying on Heck v. Humphrey*, 512 U.S. 477, 486–80, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) *inter alia*. Because Plaintiff's conviction stands, this Court therefore cannot entertain her collateral attack against her arrest and conviction.

### CONCLUSION

In sum, Plaintiff's claim that Defendants used excessive force against her must be dismissed. The Court cannot reach the substantive merit of Plaintiff's use-of-force claim without re-examining the validity of her criminal conviction.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment and Plaintiff's cross-motion for summary judgment are denied.

**IT IS FURTHER ORDERED**, sua sponte, that the complaint is dismissed without prejudice pursuant to Fed.R.Civ.P. 12(b)(6) because Plaintiff has failed to show that her implicitly challenged underlying criminal conviction has been reversed or invalidated.

The case is terminated. The parties are to bear their own costs.

**CASE CLOSED.**