

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-1997

# Nelson v. Jashurek

Precedential or Non-Precedential:

Docket 96-3599

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Nelson v. Jashurek" (1997). *1997 Decisions.* Paper 65.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/65

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-3599

CARL NELSON,

Appellant

v.

GEORGE JASHUREK, Patrolman

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 95-0097E)

Submitted under Third Circuit LAR 34.1(a)
February 19, 1997

BEFORE: GREENBERG, LEWIS, and MCKEE, Circuit Judges

(Filed: March 18, 1997)

Carl Nelson
Huntingdon SCI
1100 Pike Street
Huntingdon, PA 16654-1112

Appellant pro se

Kathryn J. Kisak
Quinn, Buseck, Leemhuis, Toohey
& Kroto
2222 West Grandview Boulevard
Erie, PA 16506-4508

Attorneys for appellee

GREENBERG, Circuit Judge.

## I. BACKGROUND

Carl Nelson appeals from an order for summary judgment entered on September 19, 1996, in this action under 42 U.S.C. § 1983 ("section 1983"). On April 18, 1995, Nelson filed this action against George Jashurek under the Eighth Amendment to the Constitution. In his complaint Nelson set forth that Jashurek, a Sheffield Township police officer, attempted to arrest him on July 9, 1994. At that time Nelson was wanted for alleged violations of conditions of parole following his release from prison after a homicide conviction. According to Nelson's complaint, he disobeyed Jashurek's orders to halt and instead ran away. Jashurek pursued and caught Nelson, and a struggle ensued. Nelson claims that he then sat down and that when he later got up from the chair, Jashurek beat him with a flashlight and used excessive and malicious force to subdue him. Nelson asserts that he sustained physical and psychological injuries as a result of Jashurek's actions.

After arresting Nelson, Jashurek charged him with resisting arrest in violation of 18 Pa. Cons. Stat. Ann. § 5104 (West 1983) ("section 5104"). A jury convicted Nelson at a trial on the criminal charge on October 28, 1994, in the Warren County

Court of Common Pleas.  While we do not know whether Nelson appealed his criminal conviction, he does not claim that any court has set aside the conviction or that the validity of the conviction has been thrown into doubt in any other proceeding. We thus decide this appeal on the assumption that the conviction is unimpaired.

In this civil case, which Nelson filed after the conviction, Jashurek and Nelson filed cross-motions for summary judgment.  The district court referred the motions to a magistrate judge who filed a report and recommendation on August 28, 1996.  In his motion, Jashurek argued that Nelson did not prove the essential elements of his claim because Nelson could not show that Jashurek had used an objectively unreasonable amount of force, and he thus was entitled to qualified immunity. Jashurek also claimed that he was entitled to a summary judgment in his favor on the basis of collateral estoppel predicated on the findings in the criminal trial at which the jury convicted Nelson.

The magistrate judge found that Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), governs this case.  In Heck v. Humphrey the Supreme Court made it clear that an action under section 1983 could not be maintained on the basis of events leading to a conviction which has not been reversed or impaired by other official proceedings if a judgment in favor of the plaintiff in the civil case would imply that the conviction was invalid.  Id. at 2372.  The magistrate judge then cited the following example from Heck v. Humphrey of an action that cannot

be brought unless the underlying conviction has been reversed or otherwise impaired:

> An example of this latter category--a § 1983 action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful--would be the following: A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a lawful arrest. (This is a common definition of that offense. See People v. Peacock, 68 N.Y.2d 675, 505 N.Y.S.2d 594, 496 N.E.2d 683 (1986); 4 C. Torcia, Wharton's Criminal Law § 593, p. 307 (14th ed. 1981).) He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted. Regardless of the state law concerning res judicata . . . the § 1983 action will not lie.

Heck v. Humphrey, 512 U.S. at ____, 114 S.Ct. at 2372 n.6.

> The magistrate judge then concluded as follows: Plaintiff's cause of action is a due process claim for use of excessive force in his arrest. However, he was convicted of the crime of resisting arrest based on this incident in state court. Because he was convicted of the crime of resisting arrest in state court, his claim here is precisely that described by the Supreme Court in the quoted material above as one that will not lie until the underlying conviction is reversed or called into question. This claim, having not accrued, must be dismissed.

App. at 11. Consequently, the magistrate judge recommended that the district court grant Jashurek's motion and deny Nelson's motion. The magistrate judge did not consider any basis for granting the motion other than an application of Heck v. Humphrey

4

and thus she did not consider Jashurek's qualified immunity defense.

The district court adopted the report and recommendation and thus it granted Jashurek's motion and denied Nelson's motion. In adopting the report and recommendation, the district court, like the magistrate judge, relied only on Heck v. Humphrey. Nelson then appealed from the district's court order, but only to the extent that the district court granted Jashurek's motion as Nelson does not contend that the court should have granted his motion. Rather, he requests that we remand the case for consideration of his excessive force claim.

## II. DISCUSSION

Exercising plenary review, Petruzzi's IGA Supermarkets Inc. v. Darling-Delaware Co., 998 F.2d 1224, 1230 (3d Cir. 1993), we will reverse the district court order to the extent that it granted Jashurek summary judgment. A comparison of the elements of the state criminal convictions and Nelson's claim against Jashurek, compels the conclusion that if the proceedings on the remand are conducted in accordance with the guidelines we set forth in this opinion, a judgment in Nelson's favor would not throw the validity of the judgment of conviction in the criminal case into doubt. Nelson was convicted for resisting arrest in violation of section 5104 which provides that a person is guilty of resisting arrest if "with the intent of preventing a public servant from effecting a lawful arrest [he] creates a substantial risk of bodily injury to the public servant . . . or employs

5

means justifying or requiring substantial force to overcome the resistance." (Emphasis added.).

The district court treated Nelson's inartfully drafted pro se complaint as stating a claim under section 1983 and analyzed the complaint under the Fourth Amendment reasonableness standard. The district court was undoubtedly correct in this approach, and on the remand which will follow this opinion, the district court should grant Nelson leave to amend his complaint to assert his claims under section 1983 and the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871 (1989); United State v. Johnstone, No. 95-5833, slip op. at 6-9. (3d Cir. Feb. 24, 1997); In re City of Philadelphia Litig., 49 F.3d 945, 962 (3d Cir.), cert. denied, 116 S.Ct. 176 (1995). A Fourth Amendment reasonableness inquiry is objective, so the question in this case is whether Jashurek's actions in effectuating the arrest were objectively reasonable without regard for his underlying intent or motivation. See Johnstone, slip op. at 7.

We have read the charge to the jury delivered in the state criminal case and note that the trial judge, in accordance with section 5104, told the jury that if Nelson's actions "did not justify substantial force by [Jashurek], you must find Mr. Nelson not guilty." App. at 122. Clearly, therefore, inasmuch as the jury found Nelson guilty and therefore must have concluded that Jashruek was justified in using "substantial force," Heck v. Humphrey would bar this action if Nelson's case depended on a demonstration that Jashurek was not justified in using

6

"substantial force" in arresting him. Our difficulty with the district court's result is that the fact that Jashurek was justified in using "substantial force" to arrest Nelson does not mean that he was justified in using an excessive amount of force and thus does not mean that his actions in effectuating the arrest necessarily were objectively reasonable. In short, there undoubtedly could be "substantial force" which is objectively reasonable and "substantial force" which is excessive and unreasonable.

Yet a finding that Jashurek used excessive "substantial force" would not imply that the arrest was unlawful and thus the Supreme Court's example of how Heck v. Humphrey can bar a civil action is not applicable here. Rather, we believe that the Supreme Court intended to demonstrate that a civil suit for an unreasonable seizure predicated on a false arrest would be barred so long as a conviction for resisting the same arrest remained unimpaired. But this case is different because Nelson does not charge that Jashurek falsely arrested him. Instead, Nelson charges that Jashurek effectuated a lawful arrest in an unlawful manner. Accordingly, while we do not doubt that even on the facts as presented by Nelson it will be difficult for him to establish liability in this case, we do not see why a judgment in his favor would throw the validity of his conviction into doubt. Cf. Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("Because a successful section 1983 action for excessive force would not necessarily imply the invalidity of Smithart's arrest or conviction [for assault with a deadly weapon during a traffic

7

stop], Heck does not preclude Smithart's excessive force claim."). Consequently, Heck v. Humphrey does not bar this case, and we cannot affirm the order of the district court on the authority of that case.

We add an important caveat. The proceedings in the district court must go forward on the basis that Nelson's conviction was valid unless the conviction is impaired in other proceedings such as a reversal on direct appeal, expungement by executive order, a declaration of invalidity in a state proceeding, or the issuance of a writ of habeas corpus by a federal court under 28 U.S.C. § 2254. Heck v. Humphrey, 512 U.S. at ___, 114 S.Ct. at 2372; see Mosley v. Wilson, 102 F.3d 85, 91-92 (3d Cir. 1996); Smith v. Holtz, 87 F.3d 108, 112 (3d Cir. 1996), cert. denied, 117 S.Ct. 611 (1996). Therefore, in the absence of any such impairment, if this case reaches trial, the trier of fact must be aware that Jashurek was justified in using "substantial force" in arresting Nelson. Otherwise there would be a danger that in returning a general verdict against Jashurek predicated on a finding that he used excessive force, the trier of fact might base its verdict on findings not consistent with the conclusion the jury reached in the criminal case, i.e., that Jashurek was justified in using "substantial force" to arrest Nelson.

Heck v. Humphrey precludes the return of a verdict in this civil case on the basis of a finding by the jury the Jashurek was not entitled to use substantial force to arrest Nelsn as a verdict reached on that basis would be inconsistent

8

with Nelson's conviction.  See Lal v. Borough of Kennett Square, 935 F. Supp. 570, 574-75 (E.D. Pa. 1996); Shelton v. Macey, 883 F. Supp. 1047, 1050 (E.D. Pa. 1995).  In essence, then, the guiding principle on the remand should be taken from Restatement (Second) of Torts § 133 (1965): "If the means employed by the actor for the purpose of effecting the arrest or recapture of another, or of maintaining the actor's custody of him, are in excess of those which he is privileged to use . . . the actor is liable for only so much of the force as is excessive."  We reiterate that Nelson's conviction establishes that Jashurek was privileged to use substantial force.  We leave it to the district court on remand to determine whether it will instruct the jury that Nelson was convicted of resisting arrest or whether the court merely will tell the jury that Jashurek was justified in using substantial force to arrest Nelson.

In reaching our result we take note of Simpson v. City of Pickens, 887 F. Supp. 126 (S.D. Miss. 1995).  The district court in Simpson held that even if a defendant in a criminal action was convicted validly of resisting arrest, the criminal defendant was not necessarily barred from bringing a section 1983 excessive force action under the Fourth and Fourteenth Amendments because "it is possible for a finding that [the defendant] was resisting arrest to coexist with a finding that the police used excessive force to subdue him."  Id. at 129.  We are in accord with the Simpson analysis.

Jashurek presents an alternative ground to affirm, urging here, as he did in the district court, that he is entitled

9

to summary judgment on the basis of qualified immunity. While we will assume that if the district court had denied Jashurek's motion for summary judgment on the basis of qualified immunity and he then appealed we could have exercised jurisdiction pursuant to the collateral order doctrine, Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817 (1985), the district court never ruled expressly on the qualified immunity defense for it granted Jashurek summary judgment on the basis of Heck v. Humphrey alone. Furthermore, in these circumstances, we cannot say that the court inferentially denied the motion for summary judgment to the extent that Jashurek predicated it on a claim of qualified immunity. Cf. Musso v. Hourigan, 836 F.2d 736, 741 (2d Cir. 1988) ("[I]nterlocutory review is appropriate when a district court denies a motion for summary judgment without addressing a proffered qualified immunity defense."). Thus, even if we disregard the fact that Jashurek understandably has not filed a notice of appeal, we cannot regard this case as an appeal from the denial of a motion for summary judgment on the grounds of qualified immunity, and consequently, we do not have jurisdiction on the basis of the collateral order doctrine.

Instead, as Jashurek correctly recognizes, brief at 14, he raises qualified immunity as an alternative ground to affirm, and we consider the defense only on that basis. After a careful review of the matter we have concluded that we should not consider the qualified immunity defense in the first instance, particularly as genuine disputes of material facts may exist with respect to it. See Johnson v. Jones, 115 S.Ct. 2151 (1995). Of

10

course, Jashurek is free to renew his motion for summary judgment on the basis of qualified immunity on the proceedings on the remand in the district court.

### III. CONCLUSION

In closing we emphasize that we have made a narrow ruling on the law in this case. Thus, we do not suggest that Nelson ultimately may be able to recover nor do we render any opinion on the validity of Jashurek's qualified immunity defense or whether he used excessive force. Nevertheless, in view of our conclusions, we will reverse the judgment of September 19, 1996, to the extent that it granted Jashurek summary judgment under Heck v. Humphrey and will remand the case to the district court for further proceedings consistent with this opinion.