**Carl NELSON, Appellant,**

v.

**George JASHUREK, Patrolman, Appellee.**

**No. 96–3599.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Feb. 19, 1997.

Decided March 18, 1997.

---

Carl Nelson, Huntingdon, PA, pro se.

Kathryn J. Kisak, Quinn, Buseck, Leemhuis, Toohey & Kroto, Erie, PA, for appellee.

Before GREENBERG, LEWIS and McKEE, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

### I. *BACKGROUND*

Carl Nelson appeals from an order for summary judgment entered on September 19, 1996, in this action under 42 U.S.C. § 1983 ("section 1983"). On April 18, 1995, Nelson filed this action against George Jashurek under the Eighth Amendment to the Constitution. In his complaint Nelson set forth that Jashurek, a Sheffield Township police officer, attempted to arrest him on July 9, 1994. At that time Nelson was want-

ed for alleged violations of conditions of parole following his release from prison after a homicide conviction. According to Nelson's complaint, he disobeyed Jashurek's orders to halt and instead ran away. Jashurek pursued and caught Nelson, and a struggle ensued. Nelson claims that he then sat down and that when he later got up from the chair, Jashurek beat him with a flashlight and used excessive and malicious force to subdue him. Nelson asserts that he sustained physical and psychological injuries as a result of Jashurek's actions.

After arresting Nelson, Jashurek charged him with resisting arrest in violation of 18 Pa.Cons.Stat.Ann. § 5104 (West 1983) ("section 5104"). A jury convicted Nelson at a trial on the criminal charge on October 28, 1994, in the Warren County Court of Common Pleas. While we do not know whether Nelson appealed his criminal conviction, he does not claim that any court has set aside the conviction or that the validity of the conviction has been thrown into doubt in any other proceeding. We thus decide this appeal on the assumption that the conviction is unimpaired.

In this civil case, which Nelson filed after the conviction, Jashurek and Nelson filed cross-motions for summary judgment. The district court referred the motions to a magistrate judge who filed a report and recommendation on August 28, 1996. In his motion, Jashurek argued that Nelson did not prove the essential elements of his claim because Nelson could not show that Jashurek had used an objectively unreasonable amount of force, and he thus was entitled to qualified immunity. Jashurek also claimed that he was entitled to a summary judgment in his favor on the basis of collateral estoppel predicated on the findings in the criminal trial at which the jury convicted Nelson.

The magistrate judge found that *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), governs this case. In *Heck v. Humphrey* the Supreme Court made it clear that an action under section 1983 could not be maintained on the basis of events leading to a conviction which has not been reversed or impaired by other official proceedings if a judgment in favor of the

plaintiff in the civil case would imply that the conviction was invalid. *Id.* at 485–87, 114 S.Ct. at 2372. The magistrate judge then cited the following example from *Heck v. Humphrey* of an action that cannot be brought unless the underlying conviction has been reversed or otherwise impaired:

> An example of this latter category—a § 1983 action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful—would be the following: A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a *lawful* arrest. (This is a common definition of that offense. See *People v. Peacock*, 68 N.Y.2d 675, 505 N.Y.S.2d 594, 496 N.E.2d 683 (1986); 4 C. Torcia, Wharton's Criminal Law § 593, p. 307 (14th ed.1981).) He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted. Regardless of the state law concerning res judicata ... the § 1983 action will not lie.

*Heck v. Humphrey*, 512 U.S. at 486 n. 6, 114 S.Ct. at 2372 n. 6.

The magistrate judge then concluded as follows:

> Plaintiff's cause of action is a due process claim for use of excessive force in his arrest. However, he was convicted of the crime of resisting arrest based on this incident in state court. Because he was convicted of the crime of resisting arrest in state court, his claim here is precisely that described by the Supreme Court in the quoted material above as one that will not lie until the underlying conviction is reversed or called into question. This claim, having not accrued, must be dismissed.

App. at 11. Consequently, the magistrate judge recommended that the district court grant Jashurek's motion and deny Nelson's motion. The magistrate judge did not consider any basis for granting the motion other

than an application of *Heck v. Humphrey* and thus she did not consider Jashurek's qualified immunity defense.

The district court adopted the report and recommendation and thus it granted Jashurek's motion and denied Nelson's motion. In adopting the report and recommendation, the district court, like the magistrate judge, relied only on *Heck v. Humphrey*. Nelson then appealed from the district's court order, but only to the extent that the district court granted Jashurek's motion, as Nelson does not contend that the court should have granted his motion. Rather, he requests that we remand the case for consideration of his excessive force claim.

## II. *DISCUSSION*

■ Exercising plenary review, *Petruzzi's IGA Supermarkets Inc. v. Darling–Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir.1993), we will reverse the district court order to the extent that it granted Jashurek summary judgment. A comparison of the elements of the state criminal convictions and Nelson's claim against Jashurek compels the conclusion that if the proceedings on the remand are conducted in accordance with the guidelines we set forth in this opinion, a judgment in Nelson's favor would not throw the validity of the judgment of conviction in the criminal case into doubt. Nelson was convicted for resisting arrest in violation of section 5104 which provides that a person is guilty of resisting arrest if "with the intent of preventing a public servant from effecting a lawful arrest [he] creates a substantial risk of bodily injury to the public servant ... or employs means justifying or requiring *substantial force* to overcome the resistance." (Emphasis added.).

■ The district court treated Nelson's inartfully drafted pro se complaint as stating a claim under section 1983 and analyzed the complaint under the Fourth Amendment reasonableness standard. The district court was undoubtedly correct in this approach, and on the remand which will follow this opinion, the district court should grant Nelson leave to amend his complaint to assert his claims under section 1983 and the Fourth Amendment. *See Graham v. Connor*, 490

U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989); *United States v. Johnstone*, 107 F.3d 200, 204–05 (3d Cir.1997); *In re City of Philadelphia Litig.*, 49 F.3d 945, 962 (3d Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 176, 133 L.Ed.2d 116 (1995). A Fourth Amendment reasonableness inquiry is objective, so the question in this case is whether Jashurek's actions in effectuating the arrest were objectively reasonable without regard for his underlying intent or motivation. *See Johnstone*, 107 F.3d at 204.

We have read the charge to the jury delivered in the state criminal case and note that the trial judge, in accordance with section 5104, told the jury that if Nelson's actions "did not justify substantial force by [Jashurek], you must find Mr. Nelson not guilty." App. at 122. Clearly, therefore, inasmuch as the jury found Nelson guilty and therefore must have concluded that Jashurek was justified in using "substantial force," *Heck v. Humphrey* would bar this action if Nelson's case depended on a demonstration that Jashurek was not justified in using "substantial force" in arresting him. Our difficulty with the district court's result is that the fact that Jashurek was justified in using "substantial force" to arrest Nelson does not mean that he was justified in using an excessive amount of force and thus does not mean that his actions in effectuating the arrest necessarily were objectively reasonable. In short, there undoubtedly could be "substantial force" which is objectively reasonable and "substantial force" which is excessive and unreasonable.

Yet a finding that Jashurek used excessive "substantial force" would not imply that the arrest was unlawful and thus the Supreme Court's example of how *Heck v. Humphrey* can bar a civil action is not applicable here. Rather, we believe that the Supreme Court intended to demonstrate that a civil suit for an unreasonable seizure predicated on a false arrest would be barred so long as a conviction for resisting the same arrest remained unimpaired. But this case is different because Nelson does not charge that Jashurek falsely arrested him. Instead, Nelson charges that Jashurek effectuated a lawful

arrest in an unlawful manner. Accordingly, while we do not doubt that even on the facts as presented by Nelson it will be difficult for him to establish liability in this case, we do not see why a judgment in his favor would throw the validity of his conviction into doubt. *Cf. Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir.1996) ("Because a successful section 1983 action for excessive force would not necessarily imply the invalidity of Smithart's arrest or conviction [for assault with a deadly weapon during a traffic stop], *Heck* does not preclude Smithart's excessive force claim."). Consequently, *Heck v. Humphrey* does not bar this case, and we cannot affirm the order of the district court on the authority of that case.

■ We add an important caveat. The proceedings in the district court must go forward on the basis that Nelson's conviction was valid unless the conviction is impaired in other proceedings such as a reversal on direct appeal, expungement by executive order, a declaration of invalidity in a state proceeding, or the issuance of a writ of habeas corpus by a federal court under 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. at 485–87, 114 S.Ct. at 2372; *see Mosley v. Wilson,* 102 F.3d 85, 91–92 (3d Cir.1996); *Smith v. Holtz,* 87 F.3d 108, 112 (3d Cir. 1996), *cert. denied,* — U.S. —, 117 S.Ct. 611, 136 L.Ed.2d 536 (1996). Therefore, in the absence of any such impairment, if this case reaches trial, the trier of fact must be aware that Jashurek was justified in using "substantial force" in arresting Nelson. Otherwise there would be a danger that in returning a general verdict against Jashurek predicated on a finding that he used excessive force, the trier of fact might base its verdict on findings not consistent with the conclusion the jury reached in the criminal case, *i.e.,* that Jashurek was justified in using "substantial force" to arrest Nelson.

*Heck v. Humphrey* precludes the return of a verdict in this civil case on the basis of a finding by the jury the Jashurek was not entitled to use substantial force to arrest Nelson, as a verdict reached on that basis would be inconsistent with Nelson's conviction. *See Lal v. Borough of Kennett Square,* 935 F.Supp. 570, 574–75 (E.D.Pa.1996); *Shel-*

*ton v. Macey,* 883 F.Supp. 1047, 1050 (E.D.Pa.1995). In essence, then, the guiding principle on the remand should be taken from Restatement (Second) of Torts § 133 (1965): "If the means employed by the actor for the purpose of effecting the arrest or recapture of another, or of maintaining the actor's custody of him, are in excess of those which he is privileged to use ... the actor is liable for only so much of the force as is excessive." We reiterate that Nelson's conviction establishes that Jashurek was privileged to use substantial force. We leave it to the district court on remand to determine whether it will instruct the jury that Nelson was convicted of resisting arrest or whether the court merely will tell the jury that Jashurek was justified in using substantial force to arrest Nelson.

In reaching our result we take note of *Simpson v. City of Pickens,* 887 F.Supp. 126 (S.D.Miss.1995). The district court in *Simpson* held that even if a defendant in a criminal action was convicted validly of resisting arrest, the criminal defendant was not necessarily barred from bringing a section 1983 excessive force action under the Fourth and Fourteenth Amendments because "it is possible for a finding that [the defendant] was resisting arrest to coexist with a finding that the police used excessive force to subdue him." *Id.* at 129. We are in accord with the *Simpson* analysis.

■ Jashurek presents an alternative ground to affirm, urging here, as he did in the district court, that he is entitled to summary judgment on the basis of qualified immunity. While we will assume that if the district court had denied Jashurek's motion for summary judgment on the basis of qualified immunity and he then appealed we could have exercised jurisdiction pursuant to the collateral order doctrine, *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985), the district court never ruled expressly on the qualified immunity defense, for it granted Jashurek summary judgment on the basis of *Heck v. Humphrey* alone. Furthermore, in these circumstances, we cannot say that the court inferentially denied the motion for summary judgment to the extent that Jashurek predicated it on a

claim of qualified immunity. *Cf. Musso v. Hourigan,* 836 F.2d 736, 741 (2d Cir.1988) ("[I]nterlocutory review is appropriate when a district court denies a motion for summary judgment *without addressing* a proffered qualified immunity defense."). Thus, even if we disregard the fact that Jashurek understandably has not filed a notice of appeal, we cannot regard this case as an appeal from the denial of a motion for summary judgment on the grounds of qualified immunity, and consequently, we do not have jurisdiction on the basis of the collateral order doctrine.

■ Instead, as Jashurek correctly recognizes, brief at 14, he raises qualified immunity as an alternative ground to affirm, and we consider the defense only on that basis. After a careful review of the matter we have concluded that we should not consider the qualified immunity defense in the first instance, particularly as genuine disputes of material facts may exist with respect to it. *See Johnson v. Jones,* — U.S. —, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). Of course, Jashurek is free to renew his motion for summary judgment on the basis of qualified immunity in the proceedings on the remand in the district court.

### III. *CONCLUSION*

In closing we emphasize that we have made a narrow ruling on the law in this case. Thus, we do not suggest that Nelson ultimately may be able to recover nor do we render any opinion on the validity of Jashurek's qualified immunity defense or whether he used excessive force. Nevertheless, in view of our conclusions, we will reverse the judgment of September 19, 1996, to the extent that it granted Jashurek summary judgment under *Heck v. Humphrey* and will remand the case to the district court for further proceedings consistent with this opinion.