**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DENVER REED, JR.,

        Plaintiff - Appellant,

    v.

BRAD SMITH, F. MULLENS, D. L. ABBOT, TRUMAN BIDELSPACH, and DAVID HAM,

        Defendants- Appellees

No. 97-6341

(W.D. Oklahoma)

(Civ. 96-874-C)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

Denver Reed, Jr., a federal prisoner proceeding pro se, appeals the district court's order dismissing without prejudice his claims for damages against the defendant prison officials, asserted under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Applying Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 117 S. Ct. 1584 (1997), the district court concluded that because Mr. Reed's claims challenged the results

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of a prison disciplinary proceeding resulting in the loss of good-time credits, they were not cognizable in a <u>Bivens</u> action. The district court reasoned that Mr. Reed's challenges to the disciplinary proceeding should be asserted in a habeas corpus action rather than in a claim for damages under <u>Bivens</u>.

For the reasons set forth below, we affirm the district court's dismissal of Mr. Reed's due process and excessive force claims.[1]

## I. BACKGROUND

On November 29, 1995, as federal corrections officers escorted him to the receiving and discharge area of the Federal Transfer Center in Oklahoma City, Oklahoma, a fight occurred between Mr. Reed and one of the defendants, Officer Brad Smith. Officer Smith filed an incident report charging Mr. Reed with assault. The defendant David Ham conducted a disciplinary hearing on December 15, 1995.

Mr. Reed denied the charges. However, Officer Ham concluded that Mr. Reed's denial was outweighed by the eyewitness accounts of the three corrections officers and the medical evidence. He found Mr. Reed guilty of the offense as

---

[1]     After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. Fed. R. App. P. 34(a). The case is therefore ordered submitted without oral argument.

charged and ordered the forfeiture of good time credits and placement in disciplinary segregation. See Rec. doc 16, attach. 3.

In the instant action, Mr. Reed alleges that Officer Smith and the eyewitnesses to the incident conspired with one another and with Officer Ham to falsely convict him of the assault charge. Additionally, Mr. Reed alleges that Officers Smith and Mullens "grabbed me and tried to ramm [sic] me into and against the wall I was facing. This attempt wasn't good enough, these same two officers halve [sic] walked and halve [sic] dragged me to 'Receiving and Discharge' where I awaited, frighten [sic] halve [sic] to death for the airlift." Id. doc 3. Attach. Mr. Reed seeks to recover compensatory and punitive damages.

The magistrate judge read Mr. Smith's complaint as a due process challenge to the prison disciplinary proceeding. Rec. doc. 52, at 3. The district judge noted that Mr. Reed's complaint also "appear[ed] to allege the use of excessive force against the Transfer Center defendants, a cause of action which does not implicate either the process or the substance of the disciplinary proceeding." Id. doc. 38, at 2.

The magistrate judge recommended dismissal of both the due process and excessive force claims. As to the due process claim, he noted that Mr. Reed's allegations, "if established, would also necessarily call into question the result of the disciplinary hearing." Id. doc. 52, at 6. The magistrate read the Supreme

3

Court's decision in <u>Edwards v. Balisok</u>, 117 S. Ct. 1584 (1997) to hold that "<u>any</u> claim which would necessarily imply the invalidity of the punishment imposed in a prison disciplinary proceeding is barred." <u>Id.</u> As to Mr. Reed's excessive force claim, the magistrate concluded that it too was barred by <u>Edwards</u>. <u>See id.</u> at 6 n.5. Alternatively, the magistrate concluded that Mr. Reed had failed to exhaust his administrative remedies with respect to the excessive force claim. <u>See id.</u> (citing 42 U.S.C. § 1997e(a)).

The district judge adopted the magistrate's report in its entirety and dismissed Mr. Reed's complaint without prejudice.

## II. DISCUSSION

### A. Heck and Edwards

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that when a prisoner seeks damages in a suit filed pursuant to 42 U.S.C. § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." <u>Heck</u>, 512 U.S. at 487 (1994). On the other hand, "if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding

4

criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id.[2]

In subsequent decisions, Heck has been applied to judgments in prison disciplinary proceedings. See, e.g., Edwards, 117 S. Ct. at 1586-89 (1997); Lusz v. Scott, 126 F.3d 1018 (7th Cir. 1997). In Edwards, the Supreme Court rejected the Ninth Circuit's ruling that "a claim challenging only the procedures employed in a disciplinary hearing is always cognizable under § 1983." Edwards, 117 S. Ct. at 1587. The Court observed that there was a well-established distinction in the case law between a claim "that the procedures were wrong" and a claim "that the result was [wrong]." Id. However, the Court further stated, "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." Id. The Court then concluded that the plaintiff prisoner's procedural due process challenge to a disciplinary proceeding necessarily implied the invalidity of the sanction imposed at that proceeding–the forfeiture of good time credits. Thus, the Court said, the plaintiff's claims for declaratory relief and money damages were not cognizable under § 1983.

In the instant case, the district court's application of Edwards and Heck to bar Mr. Reed's claims raises legal issues that we review de novo. See Copus v.

_____

[2] The Court also noted that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks . . . speedier release." Heck, 512 U.S. at 481.

City of Edgerton, 151 F.3d 646, 648 (7th Cir. 1998).  We consider Mr. Reed's due process and excessive force claims separately.

## B. Due Process Claim

Applying Heck and Edwards, we conclude that the district court properly dismissed Mr. Reed's due process claim without prejudice.  Although Heck and Edwards both involved § 1983 actions, we note that they have been applied to bar Bivens actions like Mr. Reed's that seek relief against federal officials.  See Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997); Williams v. Hill, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam).  Here, Mr. Reed's allegations that the defendant prison officials conspired to present false evidence at the disciplinary hearing necessarily imply that the result of the hearing–the loss of good time credits and the imposition of disciplinary segregation--was invalid.  Cf. Edwards, 117 S. Ct at 1588 ("The principal procedural defect complained of by [the plaintiff prisoner] would, if established, necessarily imply the invalidity of the good-time credits."); Lusz, 126 F.3d at 1022 (7th Cir. 1997) ("A judgment in [the plaintiff prisoner's favor] would therefore likely imply the invalidity of the loss of at least some of his good-time credits.").  Mr. Reed's due process claim thus challenges the validity of his sentence. Because he has not demonstrated that the result of the prison disciplinary proceeding affecting his sentence "has already

6

been invalidated," Heck, 512 U.S. at 486-87 (e.g., through the issuance of a writ of habeas corpus), Mr. Reed may not now proceed with his Bivens due process claim.

## C.  Excessive Force Claim

In applying Heck and Edwards to excessive force claims, courts have reached contrasting conclusions.  In Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997), the court held that Heck did not bar an excessive force claim brought by a plaintiff who had previously been convicted for resisting arrest. The court acknowledged that the prior conviction established that the arresting officer was justified in using "substantial force" in arresting the plaintiff.  However, it said, the fact that substantial force was justified "[did] not mean that the [arresting officer] was justified in using an excessive amount of force and thus does not mean that his actions in effectuating the arrest necessarily were objectively reasonable." Id. at 145.  Thus, the court said, the plaintiff's excessive force claim did not necessarily imply the invalidity of the prior conviction.  See also Simpson v. City of Pickens, 887 F. Supp. 126, 129 (S.D. Miss. 1995) (concluding that a prior conviction for resisting arrest did not bar plaintiff's excessive force claim because "it is possible for a finding that [the plaintiff] was resisting arrest to coexist with a finding that the police used excessive force to subdue him"); Scott

7

v. San Francisco Police Department, No. C-89-2781 MHP, 1995 WL 55301 (N.D. Cal. Feb. 2, 1995) at * 3 (concluding that Heck did not bar excessive force claim because the plaintiff "need not prove that he did not batter [the arresting officer] in order to establish an excessive force claim arising from the same incident"), rev'd on other grounds, 1996 WL 637842 (N.D. Cal. Oct. 24, 1996), aff'd, no. 97-15096, 1998 WL 704093 (9th Cir. Oct. 5, 1998).

In contrast, other courts have applied Heck to bar excessive force claims. For example, in Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996) the court applied Heck to conclude that a plaintiff inmate could not proceed with an excessive force claim when his conviction for battery of an officer had not been invalidated. Analyzing Louisiana law, the court reasoned that the plaintiff's excessive force claim, if proved, would establish a "justification" defense to the battery charge (i.e. that the battery was "reasonable and necessary to prevent a forcible offense against himself."). Hudson, 98 F.3d at 873. Thus, the court said, if the plaintiff prevailed on the excessive force claim, that would necessarily imply the invalidity of the prior conviction. See also Crooms v. Mercado, 955 F. Supp. 985, 988-991 (N.D. Ill. 1997) (applying Heck to bar an excessive force claim and noting that if the plaintiff prevailed, the trier of fact would have to accept the plaintiff's version of the incident, which could not have supported the conviction for resisting a peace officer).

8

In the instant case, we need not decide how to apply Heck and Edwards to Mr. Reed's excessive force claim. Upon review of the allegations of the complaint, we conclude that Mr. Reed's allegations are insufficient to allege an Eighth Amendment claim for excessive force.

In order to establish such a claim, a prisoner must demonstrate that the defendant officials engaged in the "'unnecessary and wanton infliction of pain.'" Hudson v. McMillan, 503 U.S. 4, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Factors to consider in judging the excessiveness of the force in question include the extent of the injury, the justification for the use of force, the relationship between the degree of force employed and the need that compels its use, the threat reasonably perceived by prison officials, and efforts made to temper the severity of the force. Hudson, 503 U.S. at 7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action," and "de minimus uses of physical force" do not violate the Eighth Amendment unless such force is "repugnant to the conscience of mankind." Id. at 9-10 (internal citations and quotations omitted).

Here, Mr. Reed's complaint alleges that prison officials "grabbed" him, tried to "ramm [sic] [him] into and against the wall [he] was facing," and "halve [sic] walked and halve [sic] dragged [him] to 'Receiving and Discharge.'" Rec. doc. 3 Attach. His complaint does not allege specific facts indicating that the

9

defendant officials engaged the "wanton and unnecessary" infliction of pain that constitutes a violation of the Eighth Amendment. Indeed, as the government notes, in support of his contention that he did not assault the defendant prison officials, Mr. Reed invokes a medical report concluding that he suffered no injuries. <u>See</u> Rec. doc. 23, at 6. Accordingly, we conclude that Mr. Reed's allegations of excessive force fail to state a claim upon which relief can be granted.[3]

## III. CONCLUSION

For the reasons set forth above, we affirm the district court's dismissal of Mr. Reed's complaint

Entered for the Court,

Robert H. Henry
Circuit Judge

---

[3]     Mr. Reed's motion for expansion of the record on appeal is denied. The material he seeks to add is not necessary for disposition of this case, and, in any event, Mr. Reed has failed to sufficiently explain why this material was not included in the record before the district court.