

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2006

# Jackman v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4438

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jackman v. Smith" (2006). *2006 Decisions.* Paper 618.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/618

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4438

DONALD G. JACKMAN, JR.,
Appellant

v.

PHILIP SMITH; JOHN SHARP; BRADLY SWIM; DANIAL POWERS;
WILLIAM CRAIG; WILLIAM PARKS; KENNETH WERSTAK; G. LEON;
DANIAL L. TOFT; MICHAEL REINER; MAGARET E. PICKING; JASON
WICK; JOSEPH C. LUND, SR.; MARK MURRAY; LOUIS J. WEIRS;
KEVIN MCCLINSEY; KATHY KLONTZ; ALBERT FRANCIS WESSEL;
DOUGLAS SMITHER; PA STATE TROOPER SHAFER; PA STATE TROOPER
MICHAEL; CHIEF JUDGE MAURICE B. COHILL, JR.; SUE HAGGERTY;
LAWSON BURNSTEIN, M.D. P.C.; TONY KELLER; SHERYLE L. LONG;
EFREM M. GRAIL; MARKETA SIMS; CAROLE MCMILLEN; MARK
BOWMAN; ANDREW WEIGAND; DONNA WEIGAND; PAT SARNESE; MRS.
SARNESE; JOHN E. SHEA; JOHN P. JOYCE; DENNIS M. LORMEL;
THOMAS G. NOSCHESE; JEFFREY B. KILLEEN; KEVIN P. DEEGAN;
LARRY S. KLUMB; SEAN S. BURNS; RALPH W. BRUMLEY; NORMAN
R. MIHM; EDWARD V. MATUNE; RALPH W. KUSH; WILLIAM PARKS;
STEVEN N. BIELICH; DANIAL G. NEWMAN; MICHAEL E. ALBERT;
MICHAEL J. MCKEOWN; WILLIAM L. ALCORN, JR.; BRUCE T. RUPERT;
ROBERT D. BERINGER

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00215E)
District Judge:  Honorable Maurice B. Cohill, Jr.

Submitted Under Third Circuit LAR 34.1(a)
July 20, 2006

Before:    BARRY, CHAGARES AND COWEN, <u>Circuit Judges</u>.

(Filed: August 3, 2006)

## OPINION

PER CURIAM

Donald Jackman appeals the District Court's order dismissing his civil rights complaint as frivolous. For the following reasons, we will vacate the District Court's order and remand for further proceedings.

Jackman was indicted on firearms possession charges and pleaded guilty in February 2002. He was sentenced to a 262-month prison term for his crimes. In June 2005, Jackman filed the present action pursuant to Bivens, 42 U.S.C. § 1983, and a host of other federal statutes against some fifty-one defendants, each of whom allegedly played some part in Jackman's arrest and criminal prosecution. The Magistrate Judge issued a Report and Recommendation, urging dismissal for failure to state a claim upon which relief can be granted, which the District Court adopted. Jackman now appeals.[1]

The District Court dismissed the complaint on the grounds that the claims it contained were barred because Jackman had not first overturned his conviction, as required by Heck v. Humphrey, 512 U.S. 477 (1994). The entirety of the District Court's analysis consists of the following:

---

[1] We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

2

> ...where a challenge such as the plaintiff makes here might result in a conclusion that could void the underlying conviction, he must first demonstrate that that conviction or sentence has been reversed, expunged or declared invalid. Torres v. McLaughlin, 163 F.3d 169 (3d Cir. 1998), cert. denied, 528 U.S. 1079 (2000). Clearly, this has not occurred in the instant case.[] Accordingly, it is recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted.

Report and Recommendation at 2. Because the Court did not specify the nature of Jackman's claims and relied solely upon a malicious prosecution case, Torres v. McLaughlin, 163 F.3d 169 (3d Cir. 1998), to dispose of the matter, we understand the District Court to have read Jackman's multiple allegations as a single malicious prosecution claim.

This is problematic. Though not particularly well-plead, Jackman's 22-page complaint clearly includes allegations of false arrest, illegal search, coercion, and excessive force. This is significant because Heck only bars claims which "seek[] to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions *whose unlawfulness would render the conviction or sentence unlawful*." Torres, 163 F.3d at 173 (emphasis added). As the Heck Court pointed out, because some claims would not necessarily invalidate a conviction, not all constitutional claims arising from an arrest and prosecution are subject to the rule. See 512 U.S. at 787 & n.7. Claims found not to be barred by Heck include unreasonable search and seizure,[2] excessive

---

[2] Heck, 512 U.S. at 787 n.7 (because of doctrines like independent source, inevitable discovery, and harmless error, the success of the § 1983 action would not necessarily imply that the underlying conviction was unlawful).

3

force,[3] coercion,[4] and often false arrest and false imprisonment.[5]  Accordingly, this Court has recently emphasized that Heck requires district courts to make a determination with regard to each claim whether it – if successful – would imply the invalidity of the conviction or sentence.  See Gibson v. Superintendent, 411 F.3d 427, 447-49 (3d Cir. 2005).  There is no indication that the District Court undertook any such analysis here.

Jackman's appeal could still be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if the complaint failed to state a claim for other reasons.  We accept as true all factual allegations in the complaint, and all reasonable inferences that can be drawn from them.  See Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  A *pro se* complaint may be dismissed for failure to state a claim only "if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 374 (3d Cir. 1981) (citation omitted).  Significantly, this appeal comes to us as the product of the District Court's screening process, providing only a very slim record, based on which we cannot conclude that Jackman has failed to

---

[3] Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir. 1997) (where plaintiff alleged officer effectuated a lawful arrest in an unlawful manner, "we do not see why a judgment in [plaintiff's] favor would throw the validity of his conviction into doubt.").

[4] Simmons v. O'Brien, 77 F.3d 1093, 1095 (8th Cir. 1996).

[5] Compare Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998) ("claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in Heck which necessarily implicate the validity of a conviction or sentence."), with Gibson v. Superintendent, 411 F.3d 427, 451-52 (3d Cir. 2005) (finding Heck rule applies because only evidence supporting conviction was found pursuant to constitutional violation that was subject of plaintiff's § 1983 claim).

state a claim.

Accordingly, we will vacate the District Court's order and remand for further proceedings.