

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2008

# Hill v. Nigro

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3871

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hill v. Nigro" (2008). *2008 Decisions.* Paper 1515.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1515

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-139**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3871
_____

WILLIAM D. HILL, III

Appellant

v.

OFFICER JOSEPH NIGRO,
Harrison Police Department

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 05-cv-5117)
District Judge:  Honorable Joel A. Pisano

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2008

Before:  SLOVITER, FISHER and HARDIMAN, <u>Circuit Judges</u>.

(Filed:  February 27, 2008)
_____

OPINION
_____

PER CURIAM

    Appellant William D. Hill, III, filed a complaint under 42 U.S.C. § 1983 against

Officer Joseph Nigro alleging that he  had violated his constitutional rights when he fired

shots at him while Hill was fleeing arrest. The United States District Court for the District of New Jersey entered summary judgment in favor of Officer Nigro, concluding that his use of force was reasonable as a matter of law under the Fourth Amendment. Hill, who is proceeding pro se, timely appealed.

Because we write primarily for the parties who are familiar with the case, we need not set forth the factual background or procedural history except insofar as it may be helpful to our discussion. In brief, on September 22, 2004, Hill was driving a stolen vehicle on a highway entrance ramp in Harrison, New Jersey. Hill contends that Officer Nigro pursued him used excessive force against him because Nigro fired "numerous" shots at Hill, who was unarmed.[1] Officer Nigro contends that he fired the shots because Hill attempted to run him over in the stolen car and because Hill's reckless driving in the course of attempting to elude arrest placed the lives of the other drivers around Hill in danger. It is undisputed that, while attempting to elude arrest, Hill crashed into another vehicle, sending its driver, Jason Barrus, to the hospital. Hill later pled guilty to the aggravated assault of Jason Barrus in violation of N.J.S.A. 2C:12-1b(6) and also pled guilty to fleeing or attempting to elude arrest in violation of N.J.S.A. 2C:29-2b. In his

_____

[1]Hill's complaint also contained a claim that the Harrison Police Department had failed to properly supervise and train Officer Nigro, but this claim was dismissed without prejudice by the District Court. Although Hill was granted leave to amend his complaint with respect to this claim, he never filed an amended complaint. In any event, Hill does not challenge this dismissal on appeal.

guilty plea, Hill admitted to driving away at high speeds and creating a serious risk of death or injury to others.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We subject the District Court's grant of summary judgment to plenary review, and apply the same standard that the District Court should have applied. McLeod v. Hartford Life and Acc. Ins. Co., 372 F.3d 618, 623 (3d Cir. 2004). We may affirm the District Court on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc). Because this appeal presents no substantial question, we will summarily affirm the District Court's August 29, 2007 order. 3d Cir. LAR 27.4 and I.O.P. 10.6.

We agree with the District Court that Hill's excessive force claim is not barred by Heck v. Humphrey, 512 U.S. 477 (1994). See Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir. 1997). For the following reasons, we nonetheless agree that summary judgment was properly entered against Hill.

A police officer's use of deadly force constitutes a seizure within the meaning of the Fourth Amendment and therefore it must be reasonable. See Tennessee v. Garner, 471 U.S. 1, 7 (1985). Where a police officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force. Id. at 11. The issue of whether an intentional use of deadly force by a police officer is permissible under the Fourth Amendment requires an objective reasonableness inquiry. See Graham v.

3

Connor, 490 U.S. 386, 399 (1989); Abraham v. Raso, 183 F.3d 279, 290 (3d Cir. 1999). Giving due regard to the pressures faced by the police, the proper inquiry is whether it was objectively reasonable for the officer to believe, in light of the totality of the circumstances, that deadly force was necessary to prevent the suspect's escape, and that the suspect posed a significant threat of death or serious physical injury to the officer or others. Abraham, 183 F.3d at 290. Summary judgment is appropriate when the court resolves all factual disputes in favor of the plaintiff and concludes that the use of force was objectively reasonable under the circumstances. Id.

We conclude that, giving due regard to the pressures faced by the police, it was objectively reasonable for Officer Nigro to believe, in light of the totality of the circumstances, that deadly force was necessary to prevent Hill's escape, and that Hill posed a significant threat of death or serious physical injury to Officer Nigro or others. See Abraham, 183 F.3d at 289. See also Scott v. Edinburg, 346 F.3d 752, 758 (7th Cir. 2003) (concluding that officer's use of deadly force was objectively reasonable where the suspect attempted to run over the police officer and then drove the stolen vehicle at a high rate of speed through a parking lot containing twelve to fourteen bystanders). Even assuming arguendo that a genuine issue of material fact exists with respect to whether Hill attempted to run over Officer Nigro, the record is clear that a reasonable officer could have reasonably believed that Hill posed a significant threat of death or serious physical injury to others. During his guilty plea, Hill conceded that the police asked him

4

to pull over, but that he refused and drove away at a speed high enough to cause the death or serious injury of anyone he hit. Indeed, while attempting to elude arrest, Hill crashed into another car and its driver had to be taken to the hospital for injuries he sustained. Under these circumstances, we conclude that summary judgment was properly entered in favor of Officer Nigro.

For the foregoing reasons, we will summarily affirm the District Court's order entered August 29, 2007.