**ALD-060** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2402
_____

RICHARD DESABETINO,
Appellant

v.

OFFICER SEAN BIAGINI; OFFICER MICHAEL SNIDER;
OFFICER JOHN SYMSEK; OFFICER WILLIAM KELLY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-00341)
Magistrate Judge:  Honorable Cynthia R. Eddy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 30, 2020

Before:  McKEE, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed February 10, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Richard Desabetino appeals from the District Court's order granting summary judgment in favor of the defendants in a civil rights action that he brought pursuant to 42 U.S.C. § 1983. For the reasons discussed below, we will summarily affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. On August 6, 2014, Officer Sean Biagini of the Baldwin Borough Police Department attempted to serve a warrant for the arrest of Desabetino and his girlfriend, Amy Calabrese, based on their theft of bicycles. Officer Biagini went to Calabrese's home, where Desabetino was also present. When Officer Biagini asked Desabetino for identification, Desabetino went to his car. Officer Biagini attempted to stop Desabetino from getting into the vehicle by trying to shut the door. Officer Michael Snider arrived as backup, and the officers engaged in a struggle with Desabetino from the driver's side window as they attempted to prevent him from starting the vehicle.

Officer Biagini was on the vehicle's running board and Officer Snider was in front of the vehicle when Desabetino began driving forward. Officer Biagini fell backward, hit his head on the ground, and became unconscious. At the same time, Officer Snider fired a shot that hit the windshield. He then rolled out of the way of the moving vehicle and fired another shot that hit the gas tank. Desabetino fled the scene, drove towards South Park Township, and stole a green Oldsmobile Cutlass from Grandview Place.

2

Officer Symsek received information that there had been an officer-involved shooting, that an officer was injured, and that the suspect had fled towards South Park. Officer Symsek later received another call regarding the stolen Oldsmobile and saw a vehicle matching the description. He immediately fired his patrol rifle at the vehicle 10 times. Although the vehicle was damaged, Desabetino continued driving with numerous police vehicles in pursuit. At an intersection, Desabetino collided with a pickup truck and a white Chevrolet. Officer Kelly witnessed the crash and saw Desabetino remove someone from the white Chevrolet and start to drive away in it. Officer Kelly fired twice at Desabetino, hitting him once in the back. Desabetino then surrendered to police.

Desabetino was criminally prosecuted in Allegheny County and was convicted of numerous offenses, including aggravated assault and recklessly endangering Officers Biagini and Snider. Desabetino was acquitted on a charge of aggravated assault against Officer Symsek.

In March 2016, Desabetino filed his complaint in the District Court, raising Fourth Amendment excessive force claims against Officers Biagini, Snider, Symsek, and Kelly. The Magistrate Judge, proceeding with the consent of the parties, granted the defendants' motions for summary judgment, determining that each officer's use of force was objectively reasonable under the circumstances. In the alternative, the Magistrate Judge determined that even if a reasonable jury could conclude that any force was excessive, the officers were entitled to qualified immunity. This appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher, 455 F.3d at 422–23. We may summarily affirm on any basis supported by the record if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

III.

Under the Fourth Amendment, the amount of force used to effectuate an arrest must be "objectively reasonable" based on the "totality of the circumstances." Abraham v. Raso, 183 F.3d 279, 289 (3d Cir. 1999). In determining whether the amount of force was reasonable, we consider the "'severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Id. (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). An officer's use of deadly force is excessive when it is not "objectively reasonable for the officer to believe, in light of the totality of the circumstances, that deadly force was necessary to prevent the suspect's escape, and that

4

the suspect posed a significant threat of death or serious physical injury to the officer or others[.]" Id.

Here, we agree with the District Court's determination that no reasonable juror could find that the force used by Officer Biagini was excessive.[1] It is beyond dispute that, in the course of executing a warrant for Desabetino's arrest, it was objectively reasonable for Officer Biagini to determine that Desabetino was attempting to evade arrest by flight. The force that Officer Biagini used to prevent Desabetino from fleeing in his vehicle, resulting in no serious injuries, was not excessive under the circumstances. Similarly, the non-deadly force that Officer Snider initially used to assist Officer Biagini in the struggle with Desabetino was objectively reasonable under the circumstances.

We will affirm the remainder of the District Court's grant of summary judgment in favor the defendants on qualified immunity grounds. Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity applies unless: (1) the facts alleged by the plaintiff show the violation of a constitutional right; and (2) the law was clearly established at the time of the violation. See Pearson v. Callahan, 555 U.S. 223, 232 (2009). "Thus, qualified immunity protects

---

[1] The District Court properly determined that Desabetino's excessive force claims were not barred by Heck v. Humphrey, 512 U.S. 477, 485–87 (1994), as his claims were not automatically precluded by his convictions here. See El v. City of Pittsburgh, 975 F.3d 327, 339 (3d Cir. 2020); Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir. 1997).

all but the plainly incompetent or those who knowingly violate the law." Bland v. City of Newark, 900 F.3d 77, 83 (3d Cir. 2018) (quotation marks and citations omitted).

Here, Officers Snider, Symsek, and Kelly are entitled to qualified immunity on the remaining claims. "The Supreme Court has consistently held that officers either did not violate the Fourth Amendment or were entitled to qualified immunity when they used deadly force during" a dangerous car chase. Id. at 83–84; see also Mullenix v. Luna, 577 U.S. 7, 15 (2015) (observing that the Supreme Court has "never found the use of deadly force in connection with a dangerous car chase to violate the Fourth Amendment, let alone to be a basis for denying qualified immunity"). Following the Supreme Court's teachings, we held in Bland that certain officers were entitled to qualified immunity for firing at a fleeing suspect when his "behavior threatened the safety of the officers, as well as the public at large." 900 F.3d at 84. The suspect "drove at high speeds," "failed to comply with orders to surrender," and "repeatedly attempted to flee . . . including by trying to drive with officers standing in close proximity to [his vehicle]." Id. "And he engaged in all of this behavior in a vehicle that had been reportedly" stolen. Id.

The undisputed facts here are similar to those in Bland, and Officers Snider, Symsek, and Kelly similarly did not violate any clearly established constitutional right. Before Officer Snider fired his weapon, Desabetino had attempted to flee, failed to comply with orders to surrender, and assaulted Officers Snider and Biagini. When Officer Snider fired his weapon, Desabetino presented a danger by operating his vehicle in close proximity to the officers, knocking Officer Biagini to the ground and threatening

6

to injure Officer Snider, who was in front of the vehicle. Officer Symsek fired at Desabetino in the course of a dangerous car chase, after receiving reports that Desabetino had resisted arrest, injured officer Biagini, and stolen a vehicle. See Plumhoff v. Rickard, 572 U.S. 765, 777 (2014) (concluding that officers did not act unreasonably in firing 15 shots when suspect "never abandoned his attempt to flee" and "even after all the shots had been fired, he managed to drive away and to continue driving until he crashed"). Desabetino obviously posed a threat to the safety of the public when Officer Symsek fired at him, and Desabetino soon collided with two other vehicles. Desabetino was still in dangerous flight, and in the process of stealing another vehicle, when Officer Kelly fired the final two shots that ended Desabetino's flight. Thus, the use of force by Officers Snider, Symsek, and Kelly did not violate any of Desabetino's clearly established constitutional rights, and the officers are entitled to qualified immunity.

For the foregoing reasons, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.[2]

---

[2] In light of our disposition, we deny Desabetino's motion for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).