DLD-042                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2433
_____

WAYNE PRATER,
Appellant

v.

JOHN E. WETZEL; SHIRLEY M. SMEAL, Secretary of Corrections;
JOHN/JANE DOE, Executive Deputy Secretary of Corrections;
GEORGE ONDREJKA, Warden SCI Graterford;
J. LANE, Deputy Superintendent SCI Graterford;
ROBIN M. LEWIS, PRC Hearing Officer SCI Graterford;
FIELDS, Chief Hearing Examiner (D.O.C.);
DOHMAN, Major SCI Graterford;
D. BRUMFIELD, Major SCI Graterford;
G. S. ROBINSON, Captain SCI Graterford;
M. DOYLE, Lieutenant SCI Graterford;
WENDY SHAYLOR, Lieutenant SCI Graterford;
MS. GOLDEN, Grievance Coordinator SCI Graterford;
SMITH, Unit Manager SCI Graterford;
JOHN/JANE DOE, Correctional Officer SCI Graterford
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-03395)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 5, 2015
Before: CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

1

_____

OPINION[*]

_____

PER CURIAM

Wayne Prater appeals the District Court's order granting Appellees' motion to dismiss his complaint for failure to state a claim. For the reasons below, we will summarily affirm the District Court's order.

The procedural history of this case and the details of Prater's claims are well known to the parties, set forth in the District Court's memorandum, and need not be discussed at length. Briefly, Prater, a Pennsylvania inmate, alleged that he was put on lockdown for eleven days without a hearing and denied access to the law library. He contends that this was based on a false report that he was a danger to himself or others because he was serving a sentence for a crime committed against a staff member. He was subsequently moved to the Restricted Housing Unit where he was denied access to the law library and writing material despite his requests.[1] He asserted that these denials of access were the cause of the dismissal of an appeal, Prater v. City of Philadelphia, C.A. No. 12-3979. In addition to this alleged violation of his First Amendment right of access to the courts, Prater also claimed unspecified violations of his rights under the Fifth,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Prater does not specify how long the denial of law library access lasted. In his complaint, he asserted that the events giving rise to his claim occurred between December 18, 2012, and February 15, 2013.

Sixth, and Fourteenth Amendments. Appellees filed a motion to dismiss which the District Court granted. Prater filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's order granting the motion to dismiss de novo. Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). We may affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

In order to state a claim of the denial of access to the courts, a prisoner such as Prater must allege that his efforts to pursue a legal claim were hindered and he suffered an actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996). The dismissed appeal Prater alleges as an actual injury was from a jury's verdict in a civil rights case challenging the conduct of police officers during Prater's arrest. Citing Lewis, the District Court concluded that Prater did not have a right to access the courts to pursue his civil rights claims because they were unrelated to his conditions of confinement. Lewis, 518 U.S. at 355 ("The tools [Bounds v. Smith, 430 U.S. 817 (1977)] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.") However, in Lewis, the Supreme Court noted that in Wolff v. McDonnell, 418 U.S. 539, 579 (1974), it had extended the types of claims for which a prisoner had a right of access to the courts to civil rights actions which it defined as "actions under 42 U.S.C. § 1983 to vindicate basic constitutional rights." Lewis, 518 U.S. at 354-55 (quotations omitted). Nevertheless, we need not resolve whether Prater had a right to access the courts to pursue his civil rights

3

claims because he cannot show an actual injury, i.e., that he was hindered in his efforts to litigate a nonfrivolous or arguable claim. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). Such a claim must be described in the complaint alleging the denial of court access.[2] Id.

Prater's earlier appeal was dismissed for his failure to order a transcript to aid in the evaluation of his claims. See Prater v. City of Philadelphia, 539 F. App'x 35 (3d Cir. 2013); Fed. R. App. P. 3(a)(2); 10(b)(1). However, even without that procedural failure, Prater has not alleged or explained how his underlying claims were arguable. In the dismissed appeal, Prater raised two claims in his brief. First, he contended that the defense attorney struck the only African-American potential juror in violation of Batson v. Kentucky, 476 U.S. 79 (1986). See Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 631 (1991) (extending Batson to civil cases). But in his notice of appeal, Prater admitted that his counsel had failed to address the Batson violation. If the issue had not been raised in the District Court, it could not have been raised for the first time on appeal. See United States v. Anthony Dell'Aquilla, Enters. and Subsidiaries, 150 F.3d 329, 335 (3d Cir. 1998) ("[A]bsent exceptional circumstances, an issue not raised in district court will not be heard on appeal.") (citation omitted); see also Abu-Jamal v. Horn, 520 F.3d 272, 279-80, 284 (3d Cir. 2008) (Batson claim requires contemporaneous objection), vacated on other grounds by Beard v. Abu-Jamal, 558 U.S. 1134 (2010).

_____

[2] Because Prater failed to describe his hindered, arguable claims in his current complaint, we look to his brief in his prior appeal.

Prater's second argument on appeal was that the jury did not follow its instructions to examine all the evidence, especially his medical expert's opinion that Prater's injuries were caused by the defendants. A litigant is entitled to a new trial on the grounds of the jury's verdict being against the weight of the evidence only if the record shows that there was a miscarriage of justice or the verdict shocks the conscience. Marra v. Phila. Hous. Auth., 497 F.3d 286, 309 n.18 (3d Cir. 2007). Evidence that the defendants allegedly caused Prater's injuries would not be sufficient to impose liability; Prater needed to show that the force used to effectuate the arrest was unreasonable.[3] See Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999). Prater failed to describe the totality of the evidence at trial and did not make an arguable claim that the jury's verdict was against the weight of the evidence.

As Prater did not allege an arguable claim that was hindered by Appellees, his claim of the denial of access to the courts was properly subject to dismissal.[4] And because Prater did not show a likelihood of success on the merits, the District Court did not err in denying his requests for injunctive relief.

---

[3] While not dispositive of Prater's excessive force claim, we note that he was convicted of a charge of resisting arrest arising from the incident. See Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir. 1997) (resisting arrest conviction did not preclude claim of excessive force). One resists arrest when one intends to prevent an arrest and "creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa. Cons. Stat. Ann. § 5104 (West).

[4] In his response to Appellees' motion to dismiss, Prater alleged for the first time that the denial of access to the library hindered his efforts to represent himself in his criminal proceedings. These allegations were not raised in his complaint, and he alleged no actual injury that he sustained in his criminal proceedings.

Prater also argues in the instant appeal that the District Court ignored his allegation that the false report that triggered his placement in lockdown was retaliatory. A prisoner alleging retaliation must demonstrate that (1) his conduct was constitutionally protected; (2) he suffered an adverse action by prison officials; and (3) his protected conduct was a substantial or motivating factor in the adverse action. Brightwell v. Lehman, 637 F.3d 187, 194 (3d Cir. 2011). Prater has not alleged any protected conduct that allegedly motivated his placement in lockdown. He had just been transferred to the prison the day before. Without more, an allegation of a possibly inaccurate report that led to a brief period in lockdown is not sufficient to support a claim of retaliation.

For the reasons given by the District Court, we agree that Prater has not stated claims under the Fifth, Sixth, and Fourteenth Amendments. Sandin v. Conner, 515 U.S. 472, 484 (1995) (liberty interests requiring procedural due process limited to freedom from restraints that impose "atypical and significant hardship" as compared to ordinary prison life); Davis v. United States, 512 U.S. 452, 456 (1994) (Sixth Amendment rights attach if criminal proceedings are initiated); Nguyen v. U.S. Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983) (Fifth Amendment restricts only federal government actions).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.

6