**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3095
_____

ASHLEY ORTIZ, on behalf of herself
and all others similarly situated,
                                        Appellant

v.

NEW JERSEY STATE POLICE; JOSEPH FUENTES, in his capacity as Superintendent
of New Jersey State Police; ATTORNEY GENERAL OF THE STATE OF NEW
JERSEY; ELIE HONIG, in her official capacity as Director of the Office of the Attorney
General  Department of Law and Public Safety Division of Criminal Justice;
MARC DENNIS, individually and in his capacity as Coordinator in the
New Jersey State Police Alcohol Drug Testing Unit
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J.No. 3-16-cv-07976)
District Judge:  Hon. Michael A. Shipp

Argued: April 9, 2018

Before:  CHAGARES, VANASKIE, and FISHER, Circuit Judges.

(Filed: September 6, 2018)


Lisa J. Rodriguez     [ARGUED]
Schnader Harrison Segal & Lewis
220 Lake Drive East
Woodland Falls Corporate Park, Suite 200
Cherry Hill, NJ 08002
        *Counsel for Appellant*

Christopher S. Porrino
  Attorney General New Jersey
Melissa H. Raksa
  Assistant Attorney General
Christopher J. Riggs        [ARGUED]
Office of Attorney General of New Jersey
Division of Law Tort Litigation and Judiciary
25 Market Street, P.O. Box 116
Trenton, NJ  08625

Daniel M. Vannella
Office of Attorney General of New Jersey
Division of Law
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, NJ 08625
        *Counsel for Appellees*

———————

OPINION[*]

———————

CHAGARES, Circuit Judge.

Ashley Ortiz registered a 0.09% Blood Alcohol Concentration ("BAC") on an Alcotest machine and pled guilty to Driving While Intoxicated ("DWI") under New Jersey law.  It was later revealed that New Jersey State Police ("NJSP") Sergeant Marc Dennis allegedly failed to calibrate properly the Alcotest machine Ortiz was tested on as well as other Alcotest machines.  Proceedings before the New Jersey state courts regarding the effect of the improper calibration and potential remedies have begun but have not yet concluded.  Ortiz filed a putative class action against Dennis and various

—————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

New Jersey law enforcement officials under 42 U.S.C. § 1983 and New Jersey state law, seeking monetary and injunctive relief for wrongful prosecution and conviction. The District Court for the District of New Jersey held that Ortiz's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), and granted the defendants' motion to dismiss. As explained below, we will affirm.

I.

A.

New Jersey prohibits driving with a BAC above 0.08% or "while under the influence of intoxicating liquor." N.J. Stat. Ann. § 39:4-50. One method the NJSP uses to assess the BAC of drivers is the Alcotest 7110 MKIII-C machine. The Alcotest measures BAC by analyzing breath samples taken from a suspect.[1]

In a 2008 case, the Supreme Court of New Jersey held that results from Alcotest machines were admissible as evidence of BAC, and ordered, inter alia, that Alcotest devices must be "inspect[ed] and recalibrate[ed] . . . every six months." State v. Chun, 943 A.2d 114, 153 (N.J. 2008). New Jersey Administrative Code § 13:51 requires the NJSP to calibrate and recalibrate BAC devices like the Alcotest and to maintain records of the calibration process. The Chief Forensic Scientist of NJSP has established a Calibration Check Procedure for Alcotest devices, including the use of a thermometer

---

[1] A person may be convicted of DWI with no evidence of their BAC, based solely on an officer's observations that the person was under the influence of intoxicating liquor. See, e.g., State v. Marquez, 998 A.2d 421, 438 (N.J. 2010); State v. Cryan, 833 A.2d 640, 649 (N.J. Super. Ct. App. Div. 2003); State v. Cleverley, 792 A.2d 457, 463 (N.J. Super. Ct. App. Div. 2002); State v. Oliveri, 764 A.2d 489, 493 (N.J. Super. Ct. App. Div. 2001).

3

that is "traceable" under National Institute of Standards and Technology ("NIST") standards. The Alcohol Drug Testing Unit ("ADTU") Coordinator who calibrates the instrument is required to certify that he performed the calibration check and that the certification was truthful. Under New Jersey law, evidence that an Alcotest machine has been properly inspected is a prerequisite to its introduction as evidence. Chun, 943 A.2d at 168.

Marc Dennis was an ADTU Coordinator. Dennis allegedly failed to follow proper procedures when recalibrating at least three Alcotest machines, but nevertheless falsely certified he had properly calibrated the machines. Over 20,000 individuals were purportedly tested by the three Alcotest machines Dennis calibrated in this manner. Appendix ("App.") 13.

B.

In 2015, an NJSP officer stopped Ortiz for a traffic violation. The officer smelled alcohol and performed a field sobriety test. Ortiz alleged no facts concerning what occurred during the field sobriety test. The officer then arrested Ortiz and administered an Alcotest which produced a BAC reading of 0.09%. Ortiz's BAC was determined using an Alcotest machine that had been recalibrated by Dennis. Ortiz pled guilty to DWI.

Years later, New Jersey filed a criminal complaint against Marc Dennis for falsely certifying he had calibrated certain Alcotest machines using an NIST-traceable thermometer. Ortiz does not know whether her BAC test occurred on one of those machines.

4

The Supreme Court of New Jersey appointed a Special Master to determine, through non-adversarial proceedings, whether the results of the Alcotest machines were scientifically accurate in spite of Dennis's misconduct. On October 13, 2017, a Monmouth County prosecutor sent Ortiz and others a letter notifying them of Marc Dennis's actions and the proceedings before the Special Master.

After learning of Dennis's misconduct, Ortiz brought this putative class action lawsuit under § 1983 and New Jersey state law. She sued Dennis in both his individual capacity and his official capacity as an ADTU Coordinator, Joseph Fuentes in his official capacity as Superintendent of NJSP, Christopher S. Porrino in his official capacity as Acting Attorney General of the State of New Jersey, and Elie Honig in his official capacity as Director of the Office of the Attorney General, Department of Law and Public Safety, Division of Criminal Justice.[2] Her complaint alleged five counts: (1) a § 1983 claim against Dennis alleging that he used falsified evidence to initiate a criminal prosecution in violation of the Due Process clause; (2) a § 1983 claim against all defendants alleging that they withheld exculpatory evidence by failing to disclose promptly that Dennis had lied on his certification forms in violation of the Due Process clause; (3) a § 1983 claim against the NJSP and Fuentes alleging that their supervisory

---

[2] Ortiz also named the NJSP as a defendant, but consented to its dismissal. Additionally, we take judicial notice that, since Ortiz filed her complaint, Patrick J. Callahan has succeeded Joseph Fuentes as the Superintendent of NJSP, Gurbir Grewal has succeeded Christopher Porrino as the Attorney General of the State of New Jersey, and Veronica Allende has succeeded Elie Honig as the Director of the Division of Criminal Justice. We will order that the appropriate names of these official defendants be substituted. Fed. R. App. P. 43(c).

failures violated unnamed constitutional rights; (4) a claim under New Jersey state law against Dennis claiming that he fabricated evidence, and (5) a catch-all claim under both § 1983 and New Jersey state law re-stating all claims against all of the defendants. She seeks compensatory damages, punitive damages from Dennis, a refund of fines and surcharges paid in connection with her conviction, removal of evidence of her offense from her criminal and driving records, and prospective relief regarding New Jersey's use of the Alcotest machine in future DWI prosecutions.

The defendants moved to dismiss the complaint and the District Court granted the motion, holding that it lacked subject matter jurisdiction over the claims because they were barred by Heck. Ortiz timely appealed.

C.

On May 4, 2018 — after the parties presented oral argument — a Special Master issued a Report of Findings of Fact and Conclusions of Remand Court. The Report concluded that:

> [T]he State has failed to clearly and convincingly prove that failure to perform the NIST thermometer step in the calibration process does not undermine and call into question the good working order of the Alcotest instrument. Skipping the NIST thermometer step removes from the process a substantial and essential safeguard, the magnitude of which reduces the reliability of the device to a level that is less than sufficiently scientifically reliable to allow its reports to be admitted in evidence.

Ortiz's Fed. R. App. P. 28(j) letter, dated May 11, 2018, Exhibit at 197–98. The Special Master's Report lacks independent effect; the Supreme Court of New Jersey must next decide whether to adopt the report in whole or in part and the legal significance of the

6

Report's findings.  See State v. Cassidy, Docket No. 078390 (N.J. 2018).  The parties have not discussed the timeline of further proceedings.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Although the District Court characterized its order as a dismissal for lack of subject matter jurisdiction, the Heck bar is not jurisdictional.  See Polzin v. Gage, 636 F.3d 834, 837–38 (7th Cir. 2011) (per curiam).  Rather, Heck and its progeny describe a limitation on the scope of claims available under § 1983.  This distinction is mostly formal and does not substantively change our review or the result, and thus we will treat the District Court's order as having been issued under Federal Rule of Civil Procedure 12(b)(6).  See Sprauve v. W. Indian Co., 799 F.3d 226, 229 n.2 (3d Cir. 2015); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408–09 (3d Cir. 1991).

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over an order dismissing a complaint for failure to state a claim.  Curry v. Yachera, 835 F.3d 373, 377 (3d Cir. 2016).  In reviewing a motion to dismiss pursuant to Heck, a court construes the complaint in the light most favorable to the plaintiff.  Id.

## III.

No cause of action exists under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" or would "necessarily imply the invalidity of" the conviction, unless the conviction or sentence has been reversed, vacated, expunged, or otherwise favorably terminated.  Heck, 512 U.S. at 486–87.  A plaintiff's lawsuit is barred under § 1983 if "establishing the basis for the . . . claim

7

necessarily demonstrates the invalidity of the conviction." Id. at 481–82; see, e.g., Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir. 1997). Thus, a plaintiff may not sue "for alleged unconstitutional conduct that would invalidate his or her underlying sentence or conviction unless that conviction has already been" favorably terminated. Grier v. Klem, 591 F.3d 672, 677 (3d Cir. 2010).

Claims for malicious prosecution or false imprisonment arising from the prosecution, arrest, and imprisonment that led to a plaintiff's conviction are clear examples of Heck-barred claims, because success on those claims requires showing unlawful prosecution or imprisonment. See Curry, 835 F.3d at 377–79. A case-specific approach is required to determine whether a plaintiff's success on her § 1983 claim would necessarily imply the invalidity of her conviction, because a court must compare the content of the plaintiff's § 1983 claims with the basis of her conviction. See Gibson v. Superintendent, 411 F.3d 427, 447–49 (3d Cir. 2005), abrogated on other grounds by Wallace v. Kato, 549 U.S. 384 (2007).

Ortiz's claims that the defendants fabricated and suppressed evidence are barred by Heck because success on those claims would necessarily imply the invalidity of her conviction. To state a successful § 1983 claim for knowingly falsified evidence, a plaintiff must show "a reasonable likelihood that, absent that fabricated evidence, [she] would not have been criminally charged," Black v. Montgomery Cty., 835 F.3d 358, 371 (3d Cir. 2016), or convicted, Halsey v. Pfeiffer, 750 F.3d 273, 294 (3d Cir. 2014). Similarly, to succeed on her claim for suppression of evidence, she would have to show that the defendants failed "to promptly disclose Defendant Dennis's fabrication of

8

material, exculpatory evidence." App. 18–19. Establishing any of these would necessarily imply that her conviction was invalid. Ortiz's argument that Heck does not apply to her claims — because her Due Process rights were violated before she was convicted — is unavailing. Claims which accrue before convictions will nevertheless be barred by Heck if success on those claims would imply the invalidity of a plaintiff's conviction. See Long v. Atl. City Police Dep't, 670 F.3d 436, 447 (3d Cir. 2012) (holding that Heck barred claims of conspiracy to obtain a conviction, including acts of fabricating evidence and perjury, because Long's conviction had not been invalidated). Ortiz's proposed exception would overshadow the rule in Heck, because government misconduct that would render a conviction invalid will almost always occur before the conviction itself.

Her supervisory liability claim is also barred by Heck. To succeed on a supervisory liability claim under § 1983, a plaintiff "must identify a failure to provide specific training that has a causal nexus with [the plaintiff's] injuries." Reitz v. Cty. of Bucks, 125 F.3d 139, 145 (3d Cir. 1997). Ortiz alleges that the defendants' improper training caused a widespread practice of "the use of false information to initiate . . . prosecution[s], fabrication of evidence, and suppression of exculpatory evidence," which caused her to be prosecuted and convicted. App. 21. Under Reitz, she cannot succeed unless she shows that her injuries — her prosecution and subsequent conviction — were caused by the practices the defendants oversaw. The only way Ortiz could show a causal

9

nexus would be if falsified material evidence was used to obtain her guilty plea, which would demonstrate that her conviction was invalid.[3]

Ortiz herself insists that the defendants' alleged misconduct "implies the invalidity of [her] conviction." Ortiz's Fed. R. App. P. 28(j) letter, dated May 11, 2018. Specifically, she argues that her guilty plea was obtained through falsified material evidence and therefore was "not . . . a valid DWI guilty plea." Reply Br. 1. These assertions reference the seriousness of the defendants' alleged misconduct, because "a police officer's fabrication and forwarding to prosecutors of known false evidence works an unacceptable 'corruption of the truth-seeking function of the trial process.'" Halsey, 750 F.3d at 293 (quoting United States v. Agurs, 427 U.S. 97, 104 (1976)). However, the seriousness of that alleged misconduct does not take this case outside the scope of Heck. Rather, it reinforces that Ortiz may not bring this § 1983 claim while her conviction still stands.

Ortiz also argues that the District Court improperly relied upon her prayer for relief in granting the defendants' motion to dismiss. The District Court properly considered Ortiz's prayer for relief, although it was not necessary to its holding. It is difficult for Ortiz to argue that her claims do not imply the invalidity of her convictions when her complaint seeks for her conviction to be expunged from New Jersey's criminal records, not to mention the repayment of "fines and surcharges . . . paid in connection

---

[3] Ortiz does not argue on appeal that her that her state-law claim should not have been dismissed. Although this Court has never held that Heck applies outside the context of § 1983, exceptional circumstances do not justify addressing this forfeited argument. See Barna v. Bd. of Sch. Dirs., 877 F.3d 136, 145 (3d Cir. 2017).

10

with [her] conviction" and the expungement of the offense from her driving record.  App. 23–24.  Civil suits under § 1983 "are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  Heck, 512 U.S. at 486.  Ortiz's prayer for relief makes clear that her § 1983 claim would, in effect, challenge the validity of her conviction.

We note that the complaint was properly dismissed without prejudice.  Curry, 835 F.3d at 379–80.  This means that if — after the state proceedings related to this case have taken their course — a conviction was, for instance, "expunged by executive order, [or] declared invalid by a state tribunal authorized to make such a determination," Heck, 512 U.S. at 487, then the complaint may be re-filed.

IV.

For the foregoing reasons, we will affirm the District Court's Order of dismissal in all respects except that we will modify the Order to reflect that Ortiz's claims are dismissed for failure to state a claim upon which relief may be granted rather than for lack of subject matter jurisdiction.  We will also order that the Clerk of Court substitute the names of the defendants sued in their official capacities pursuant to Rule 43(c).

11